DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant N.A. appeals from the judgment of the Medina County Court of Common Pleas, Juvenile Division. This Court reverses and remands for a rehearing.
 I {¶ 2} On March 30, 2006, the juvenile court adjudicated N.A. a delinquent after finding that he had committed two counts of rape pursuant to R.C. 2907.02(A)(1)(b). N.A. filed a direct appeal, but soon discovered that the court reporter had great difficulty transcribing the records due to the extremely poor condition of the auditory tape recording of his adjudication. Upon leave from the *Page 2 
juvenile court, N.A. attempted to have another court reporter transcribe the recording. Although she worked on the transcription for several months, the second court reporter eventually informed N.A. that she did not believe it was possible to complete an accurate transcript of the adjudication because of the poor quality of the recording. Consequently, N.A.'s counsel attempted to interview the participants in his adjudication so that he might supplement the record with an App.R. 9(C) statement. This too proved futile, however, because none of the participants could recall the specific details of the trial.
 {¶ 3} As a result of the deficient transcript that currently serves as the only record in N.A.'s case, N.A. has appealed to this Court to seek a rehearing. He raises one assignment of error for our review.
 II Assignment of Error "THE JUVENILE COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO PROPERLY RECORD ITS PROCEEDINGS. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION, AND JUV.R. 37(A)." (Sic).
 {¶ 4} In his sole assignment of error, N.A. argues that the juvenile court erred when it failed to properly record his delinquency adjudication. We agree.
 {¶ 5} Juv.R. 37(A) places an affirmative obligation on the juvenile court to record its delinquency adjudications. In re C.S., 9th Dist. Nos. 04CA0044 04CA0045, 2004-Ohio-6078, at ¶ 9. The rule provides as follows: *Page 3 
 "(A) The juvenile court shall make a record of adjudicatory and dispositional proceedings in * * * delinquent cases[.] * ** The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device." Juv.R. 37.
The Ohio Supreme Court addressed the interplay between Juv.R. 37(A) and App.R. 9 in In re B.E., 102 Ohio St.3d 388, 2004-Ohio-3361. In that case, the Court noted:
 "[W]here it is alleged that the missing testimony cannot be recreated, we believe that justice dictates that the matter be remanded for a rehearing. Otherwise, we would be penalizing an appellant for the court's inability to comply with an established court rule in the first place. Therefore, we hold that when a juvenile court fails to comply with the recording requirements of Juv.R. 37(A) and an appellant attempts but is unable to submit an App.R. 9(C) statement to correct or supplement the record, the matter must be remanded to the juvenile court for a rehearing." Id. at ¶ 16.
This Court also has addressed the issue presented in this case. InIn re C.S., we remanded the matter to the juvenile court for a rehearing after determining that the entire transcript contained an exorbitant amount of "inaudible" portions and that the appellants could not recall the missing portions sufficiently so as to supplement the transcript pursuant to App.R. 9. In re C.S. at ¶ 11-12.
 {¶ 6} As in In re C.S., the transcripts from N.A.'s adjudication are woefully incomplete due to the repeated "inaudible" portions that appear in them. The record reflects that N.A. attempted to remedy the problem by having another court reporter try to transcribe the transcripts and subsequently by attempting to supplement the transcripts though App.R. 9(C). As in In re C.S., however, the participants in N.A.'s proceeding could not recollect their earlier testimony. *Page 4 
 {¶ 7} The State makes no attempt to distinguish this case from In reC.S. It simply asserts that even if this Court agrees with N.A.'s argument, we still must affirm because N.A. has failed to show prejudice. Yet, the Supreme Court has not required that an appellant in N.A.'s position demonstrate prejudice. See In re B.E. at ¶ 16 (holding that the matter must be remanded upon a showing that the juvenile court failed to comply with Juv.R. 37(A) and an appellant attempted to correct or supplement the record through App.R. 9). Given the aforementioned case law, we are bound to remand this case to the juvenile court for a rehearing so that it can comply with Juv.R. 37(A) and prepare an adequate record for N.A.'s appeal. N.A.'s sole assignment of error is sustained.
 III {¶ 8} N.A.'s sole assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into *Page 5 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
 CARR, P. J., DICKINSON, J., CONCUR *Page 1