THE STATE EX REL. N.A., APPELLANT, *v.* CROSS, JUDGE, APPELLEE.

[Cite as *State ex rel. N.A. v. Cross,* 125 Ohio St.3d 6, 2010-Ohio-1471.]

*Juvenile courts — Jurisdiction over delinquency case after alleged delinquent child turns 21 — R.C. 2152.02 — Writ of prohibition denied.*

(No. 2009-1689 — Submitted March 31, 2010 — Decided April 8, 2010.)

APPEAL from the Court of Appeals for Medina County, No. 08CA0045-M.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for a writ of prohibition to prevent a juvenile court judge from proceeding with an adjudicatory hearing in a delinquency case after the alleged delinquent child had turned 21 years old. Because the juvenile court judge does not patently and unambiguously lack jurisdiction to proceed, we affirm.

**Facts**

{¶ 2} Appellant, N.A., was born on May 15, 1987. On November 4, 2005, the prosecuting attorney filed a complaint in the Medina County Court of Common Pleas, Juvenile Division, alleging that N.A. appeared to be a delinquent child for committing two acts of rape in violation of R.C. 2907.02(A)(1)(b), which would be felonies of the first degree if committed by an adult. The complaint alleged that the rapes occurred in a specified period in 2003 when N.A. was 16 years old. In March 2006, the juvenile court adjudicated N.A. to be a delinquent child and committed him to the Department of Youth Services for concurrent terms of three years with the commitment not to exceed his attainment of age 21.

{¶ 3} On appeal, the Court of Appeals for Medina County reversed the judgment because the juvenile court violated Juv.R. 37(A) by not properly

recording N.A.'s adjudicatory hearing. *In re N.A.*, Medina App. No. 06CA0032-M, 2008-Ohio-1322. The court of appeals remanded the cause to the juvenile court for a rehearing. Id. at ¶ 7-8.

{¶ 4}   On remand, Judge Judith A. Cross, a judge sitting by assignment in the juvenile court, presided over N.A.'s delinquency case. Judge Cross began the adjudicatory hearing in April 2008, before N.A. turned 21 years old, and scheduled a continuance of the hearing to a date after his 21st birthday.

{¶ 5}   In June 2008, N.A. filed a complaint in the court of appeals for a writ of prohibition to prevent Judge Cross from exercising jurisdiction in the delinquency case. In the complaint, as subsequently amended, N.A. claimed that the writ should issue because there is "no statute that authorizes a juvenile court to conduct a trial after a person has turned twenty-one." Judge Cross filed a motion to dismiss or, in the alternative, for summary judgment. The court of appeals dismissed the complaint.

{¶ 6}   This cause is now before the court upon N.A.'s appeal as of right.

**Legal Analysis**

{¶ 7}   N.A. claims entitlement to a writ of prohibition to prevent Judge Cross from proceeding in the juvenile delinquency case. To be entitled to the requested writ, N.A. was required to establish that (1) Judge Cross is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no adequate remedy exists in the ordinary course of law. *State ex rel. Furnas v. Monnin*, 120 Ohio St.3d 279, 2008-Ohio-5569, 898 N.E.2d 573, ¶ 10. Judge Cross has exercised judicial power by proceeding in the delinquency case.

{¶ 8}   For the remaining requirements, Judge Cross has basic statutory jurisdiction over the delinquency matter under R.C. 2151.23(A)(1), which provides that the juvenile court has exclusive original jurisdiction "[c]oncerning any child who on or about the date specified in the complaint, indictment, or

information is alleged * * * to be * * * a delinquent * * * child." See also R.C. 2151.011(B)(5) (for purposes of R.C. Chapter 2151, "child" generally "means a person who is under eighteen years of age"). The complaint alleged that N.A. was a delinquent child based on rapes he had committed when he was less than 18 years old.

{¶ 9} More pertinently, the complaint alleging N.A. to be a delinquent child was filed in the juvenile court pursuant to R.C. 2152.021(A)(1) ("any person having knowledge of a child who appears * * * to be a delinquent child may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence or legal settlement or in which the * * * delinquent act allegedly occurred"). "Am.Sub.S.B. No. 179, effective January 1, 2002, 148 Ohio Laws, Part IV, 9447, significantly revised many juvenile statutes and reorganized the Revised Code by moving delinquency into a new chapter, R.C. Chapter 2152," [1] and "Juv.R. 2(D) was amended effective July 1, 2001, to reflect that the definition of 'child' that formerly appeared in R.C. 2151.011 now appears in R.C. 2152.02." *State v. Warren*, 118 Ohio St.3d 200, 2008-Ohio-2011, 887 N.E.2d 1145, ¶ 40, fn. 6. In turn, Juv.R. 29 and 34 provide the procedure for adjudicatory and dispositional hearings in the juvenile court.

{¶ 10} Under R.C. 2152.02(C)(2), subject to a provision that is inapplicable here, "any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a 'child' irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held." N.A. is alleged to have committed rape before he was 18. See also Juv.R. 2(D) (" 'Child' has the same meaning as in sections 2151.011 and 2152.02 of the Revised Code"). Therefore, Judge Cross does not patently and unambiguously lack jurisdiction to proceed

---

1. Both parties' arguments are premised on various sections of R.C. Chapter 2152, and neither party suggests that this chapter is inapplicable.

with the delinquency case even though N.A. turned 21 years old before the case concluded. And notwithstanding N.A.'s argument to the contrary, even though the latest hearing in the matter was precipitated by the court of appeals' remand for a rehearing, that proceeding is still a "hearing on the complaint."

{¶ 11} N.A. asserts that R.C. 2152.02(C)(2) is limited by other statutory provisions in R.C. Chapter 2152, including R.C. 2152.02(C)(6), which provides that the "juvenile court has jurisdiction over a person who is adjudicated a delinquent child * * * prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child * * * shall be deemed a 'child' until the person attains twenty-one years of age." R.C. 2152.02(C)(6), however, is inapplicable because N.A. was not adjudicated a delinquent child before he was 18 years old. N.A. concedes this in his reply brief.

{¶ 12} N.A.'s citation of other statutes is similarly misplaced. Cf. R.C. 2152.17(F) ("A court shall not commit a delinquent child to the legal custody of the department of youth services under this division for a period that exceeds the child's attainment of twenty-one years of age") and R.C. 2152.22(A) ("all other dispositional orders made by the court under this chapter shall be temporary and shall continue for a period that is designated by the court in its order, until terminated or modified by the court or until the child attains twenty-one years of age"); see also R.C. 2152.16(A)(1)(a) through (e). These statutes restrict the juvenile court's dispositional power to commit delinquent children to the custody of the Department of Youth Services only until they are 21 years old. There is no indication here that Judge Cross intends to commit N.A. to the department's custody now that he has reached 21 years of age.

{¶ 13} Moreover, as Judge Cross notes, even though N.A. is now over 21 years old, the delinquency proceeding is still important because if he is

4

adjudicated a delinquent child based on the rape offenses, N.A. would still be subject to the juvenile-offender-registration provisions. See R.C. 2152.82(C) (if an order classifying a child as a juvenile-offender registrant is issued, "the child's attainment of eighteen or twenty-one years of age does not affect or terminate the order"); see also R.C. 2151.23(A)(15) (juvenile court has exclusive original jurisdiction to "conduct the hearings, and to make the determinations, adjudications, and orders authorized or required under sections 2152.82 to 2152.86 * * * of the Revised Code regarding a child who has been adjudicated a delinquent child").

{¶ 14} Therefore, Judge Cross does not patently and unambiguously lack jurisdiction to proceed in the juvenile delinquency case, and N.A. has an adequate remedy by appeal to raise his claim. *McGhan v. Vettel*, 122 Ohio St.3d 227, 2009-Ohio-2884, 909 N.E.2d 1279, ¶ 16.

### Conclusion

{¶ 15} N.A. is thus unable to establish the latter two requirements for the requested extraordinary relief in prohibition. Consequently, we affirm the judgment of the court of appeals dismissing N.A.'s prohibition action. We also deny N.A.'s motion for oral argument because the parties' briefs are sufficient to resolve this appeal.

Judgment affirmed.

MOYER, C.J.,[2] and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., dissents and would reverse the judgment of the court of appeals.

_____

---

2. The late Chief Justice Thomas J. Moyer participated in the deliberations in, and the final resolution of, this case prior to his death.

Timothy Young, Ohio Public Defender, and Amanda J. Powell, Assistant Public Defender, for appellant.

Dean Holman, Medina County Prosecuting Attorney, and Russell A. Hopkins, Assistant Prosecuting Attorney, for appellee.

_____