[Cite as *State ex rel. Jean-Baptiste v. Kirsch*, **2011-Ohio-3368.**]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

|  |  |  |
|---|---|---|
| State of Ohio ex rel. Pression Jean-Baptiste, | : | |
| Relator, | : | Case No. 10CA3338 |
| v. | : | |
| Honorable James W. Kirsch, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Respondent. | : | |
| | : | **RELEASED 04/18/11** |

_____

<u>APPEARANCES</u>:

Angela M. Lloyd and David Boylan, Justice for Children Project, Moritz College of Law, The Ohio State University, Columbus, Ohio, for Relator Pression Jean-Baptiste.

Mark E. Kuhn, Prosecuting Attorney, and Chadwick K. Sayre, Assistant Prosecuting Attorney, Portsmouth, Ohio, for Respondent Honorable James W. Kirsch.

_____

Harsha, P.J.

{¶1}   Relator Pression Jean-Baptiste filed a complaint for peremptory writ of prohibition against Honorable James W. Kirsch seeking to prevent Judge Kirsch from classifying Jean-Baptiste as a juvenile sexual offender registrant. Judge Kirsch contends that he is authorized by R.C. 2151.23(A)(15) to hold a juvenile sexual offender hearing as required by R.C. 2152.191. Jean-Baptiste argues that, because he is over the age of twenty-one, he is no longer a "child" as defined in R.C. 2152.02(C) and, therefore, Judge Kirsch does not have

jurisdiction to hold the hearing or classify him as a juvenile sexual offender registrant.  He also argues he does not need to demonstrate that he lacks an adequate remedy at law because the juvenile court patently and unambiguously lacks jurisdiction to proceed.  Finally, Jean-Baptiste contends that the juvenile court was untimely in scheduling the juvenile sexual offender hearing over a year and a half after his release from custody and, therefore, lost jurisdiction.

{¶2}    We agree with Judge Kirsch that Jean-Baptiste meets the statutory definition of a "child."  R.C. 2152.02(C)(2) states that any person who violates a state law prior to attaining eighteen years of age is a "child" irrespective of that person's age at the time the complaint is filed or the hearing on the complaint is held.  Because R.C. 2152.02(C)(2) does not limit the juvenile court's jurisdiction over a "child" only until the person attains twenty-one years of age, we find that Judge Kirsch has continuing jurisdiction to determine whether Jean-Baptiste is a juvenile sexual offender.   And, because Judge Kirsch does not patently and unambiguously lack jurisdiction to proceed with the hearing, we conclude that Jean-Baptiste has an adequate remedy by way of appeal.  Finally, we conclude that any improper delay in scheduling the juvenile sexual offender hearing does not affect the juvenile court's jurisdiction and any error in this regard can only be raised on direct appeal.

Therefore, we deny the writ of prohibition.

<u>Factual Summary</u>

{¶3}    On January 19, 2007, the day after Jean-Baptiste's eighteenth

birthday, the Scioto County Juvenile Court adjudicated him a delinquent child for an act that would have been a first degree felony, i.e. rape, if committed by an adult. On February 5, 2007, Judge Kirsch committed Jean-Baptiste to the permanent custody of the Department of Youth Services ("DYS") for a minimum period of one year and a maximum period until his twenty-first birthday. At the dispositional hearing, Judge Kirsch also classified Jean-Baptiste as a sexual predator and mandated his registration upon his release. However, this Court reversed and vacated the sexual predator classification after finding that, under to R.C. 2152.83(A)(1), the juvenile court could only classify Jean-Baptiste after he was released from the custody of DYS. *In re P.B.*, Scioto App. No. 07CA3140, 2007-Ohio-3937. On May 23, 2008, Jean-Baptiste was transferred from the custody of DYS to the custody of Immigration and Customs Enforcement ("ICE"). On January 18, 2010, Jean-Baptiste's twenty-first birthday, DYS released him.[1]

**{¶4}** Judge Kirsch scheduled a juvenile sexual offender classification hearing for February 8, 2010. Shortly before the hearing date, Jean-Baptiste filed a verified complaint for peremptory writ of prohibition seeking to prevent Judge Kirsch from classifying him as a juvenile sexual offender registrant after

---

[1] Jean-Baptiste was born in Haiti. According to ¶¶ 7 -8 of the complaint, which Judge Kirsch admits to, Jean-Baptiste was transferred from DYS to ICE custody on May 23, 2008 and released by DYS on January 18, 2010. In his affidavit, Jean-Baptiste states that he was released from ICE custody on January 25, 2008. However, in his brief, Jean-Baptiste states that he was released to parole from DYS custody on July 17, 2008 and then taken into custody by ICE and held in the Seneca County Jail. He states that he was discharged from DYS on January 18, 2010, upon reaching the age of twenty-one, and released from ICE custody after his twenty-first birthday.

Jean-Baptiste's twenty-first birthday.

Applicable Law

**{¶5}** A writ of prohibition is an extraordinary judicial writ; its purpose is to restrain inferior courts and tribunals from exceeding their jurisdiction. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 1998-Ohio-275, 701 N.E.2d 1002. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id.; see, also, *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 540, 1996-Ohio-286, 660 N.E.2d 458, 461 ("Prohibition is an extraordinary writ and we do not grant it routinely or easily.").

**{¶6}** A writ of prohibition "tests and determines 'solely and only' the subject matter jurisdiction" of the lower court. *Tubbs Jones* at 73, citing *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 409, 534 N.E.2d 46, 52. It does not lie where the court has made a mere error in the exercise of jurisdiction, i.e., simply reached a legally incorrect result. *Brooks v. Gaul*, 89 Ohio St.3d 202, 203, 2000-Ohio-133, 729 N.E.2d 752. But see *State ex rel. News Herald v. Ottawa Cty. Court of Common Pleas*, 77 Ohio St.3d 40, 1996-Ohio-354, 671 N.E.2d 5 (writ of prohibition was appropriate remedy to challenge lower court's gag order because once the order was enforced and the hearing conducted, relator would have no adequate remedy at law) and *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 546 N.E.2d 407 (writ of prohibition issued where trial court had subject matter jurisdiction but patently

and unambiguously lacked personal jurisdiction over the defendant, a resident of Germany).

{¶7}   In order for a writ of prohibition to issue, the relator must establish that: (1) the lower court is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Henry v. McMonagle*, 87 Ohio St. 3d 543, 2000-Ohio-477, 721 N.E.2d 1051.  Only requirements two and three are at issue here as the parties agree Judge Kirsch is attempting to exercise judicial powers by holding a juvenile sexual offender hearing.

<u>Exercise of Power</u>

{¶8}   The parties dispute whether Judge Kirsch's exercise of judicial power is authorized by law.  Judge Kirsch argues that he has both subject matter and personal jurisdiction in this case.  Jean-Baptiste contends that the juvenile court does not have personal jurisdiction over him because he is over age twenty-one.

{¶9}   Judge Kirsch argues that the Ohio General Assembly has given juvenile courts the exclusive authority to hear cases "[c]oncerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * *  to be a juvenile traffic offender or a delinquent, unruly, abused, neglected, or dependent child * * *."  R.C. 2151.23(A)(1).  And, juvenile courts have exclusive authority "to conduct the hearings, and to make the

determinations, adjudications, and orders authorized or required under sections

2152.82 to 2152.85 and Chapter 2950 of the Revised Code [sexual offender

registration statutes] regarding a child who has been adjudicated a delinquent

child." R.C. 2151.23(A)(15). Jean-Baptiste does not dispute that Judge Kirsch,

as a juvenile court judge, has subject matter jurisdiction to hear these types of

cases, i.e. to determine whether a juvenile is a sexual offender under the Ohio

Revised Code; however, Jean-Baptiste argues that he is not a "child" under the

Revised Code and, therefore, the court was essentially lost subject matter

jurisdiction of his case.

R.C. 2152.02(C) states:

> (1) "Child" means a person who is under eighteen
> years of age, except as otherwise provided in
> divisions (C)(2) to (7).

> (2) Subject to division (C)(3) of this section, any
> person who violates a federal or state law or a
> municipal ordinance prior to attaining eighteen years
> of age shall be deemed a "child" irrespective of that
> person's age at the time the complaint with respect to
> that violation is filed or the hearing on the complaint is
> held.

> (3) Any person who, while under eighteen years of
> age, commits an act that would be a felony if
> committed by an adult and who is not taken into
> custody or apprehended for that act until after the
> person attains twenty-one years of age is not a child
> in relation to that act.

> *       *       *

> (6) The juvenile court has jurisdiction over a person
> who is adjudicated a delinquent child or juvenile traffic
> offender prior to attaining eighteen years of age until

the person attains twenty-one years of age, and, for
purposes of that jurisdiction related to that
adjudication, except as otherwise provided in this
division, a person who is so adjudicated a delinquent
child or juvenile traffic offender shall be deemed a
"child" until the person attains twenty-one years of
age.  * * *

*          *          *

**{¶10}** Judge Kirsch argues that Jean-Baptiste is a "child" under R.C.
2152.02(C)(2) because he committed the offense at issue prior to attaining the
age of eighteen.  We agree.  We recognize that we have reached a different
result here than in our orders denying Judge Kirsch's motion to dismiss and
motion for relief from judgment and application for leave to renew motion to
dismiss.  However, the denial of a motion to dismiss is not a final appealable
order, *In re Fennell*, Athens App. No. 02CA19, 2002-Ohio-5233, at ¶ 11, and can
be reconsidered.  Upon further contemplation, we conclude that R.C.
2152.02(C)(2) applies to Jean-Baptiste.

**{¶11}** When interpreting a statute, courts must first look to the plain
language of the statute to determine legislative intent.  *Hubbell v. Xenia*, 115 Ohio
St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at ¶ 11.  We must read words and
phrases in context, giving words their common, ordinary and accepted meaning
unless the legislature has clearly expressed a contrary intention.  *Kunkler v.
Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 137, 522 N.E.2d 477;
*State v. Singer* (1977), 50 Ohio St.2d 103, 108, 362 N.E.2d 1216.  We cannot
interpret the plain language of a statute to mean something it does not say.  *State*

*v. Hix* (1988), 38 Ohio St.3d 129, 131, 527 N.E.2d 784.

{¶12} Under R.C. 2152.02(C)(1), a "child" is a person under age eighteen unless one of the exceptions apply. Under R.C. 2152.02(C)(2), a person who violates a state law before turning eighteen years of age is deemed a "child" regardless of that person's age at the time the complaint on the violation is filed or when the hearing on the complaint is held. R.C. 2152.02(C)(2) is limited by subdivision (3), which provides that a person who – while under eighteen years of age - commits an act that would be a felony if committed by an adult and is not taken into custody or apprehended for that act until after he turns twenty-one years of age is not a child in relation to that act. Jean-Baptiste was apprehended before his twenty-first birthday. Therefore, subdivision (3) is inapplicable. The language of R.C. 2152.02(C)(2) does not limit the juvenile court's jurisdiction to only the "hearing on the complaint," i.e. the adjudication and disposition. Therefore, we conclude that the trial court has continuing jurisdiction to hold a juvenile sexual offender hearing, if applicable, involving a "child."

{¶13} Jean-Baptiste violated state law by committing a delinquent act that would have been a first degree felony, i.e. rape, if committed by an adult. And, he committed this violation before his eighteenth birthday. Therefore, he is considered a "child" under the plain language of R.C. 2152.02(C)(2).

{¶14} Because Jean-Baptiste is still considered a "child," the juvenile court is required to hold a juvenile sexual offender hearing under R.C. 2152.83(A)(1), which states:

> The court that adjudicates a *child* a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, *shall issue at the time of the child's release* from the secure facility an order that classifies the *child* as a juvenile offender registrant.

See *State ex rel. N.A. v. Cross*, 125 Ohio St.3d 6, 925 N.E.2d 614, 2010-Ohio-1471, at ¶¶ 10-13 (if delinquent child is still a "child" under R.C. 2152.02(C)(2), juvenile court has jurisdiction to declare delinquent child a juvenile sexual offender even though he has turned twenty-one).

{¶15} Jean-Baptiste cites *In re G.M.*, 188 Ohio App.3d 318, 2010-Ohio-2295, 935 N.E.2d 459, in support of his contention that a juvenile court does not have jurisdiction to conduct a juvenile sexual offender classification hearing once a juvenile offender has reached age twenty-one. However, *G.M.* is distinguishable because G.M. was adjudicated a delinquent child at age sixteen; therefore, under R.C. 2152.02(C)(6), the juvenile court had jurisdiction over G.M. only until he reached age twenty-one. R.C. 2152.02(C)(6) is inapplicable here because Jean-Baptiste was not adjudicated a delinquent child until after his eighteenth birthday and is considered a "child" under R.C. 2152.02(C)(2). Unlike subsection (C)(6), subsection (C)(2) does not contain a provision limiting jurisdiction until age twenty-one. Further, in *N.A.*, supra, the Ohio Supreme Court specifically held that a juvenile who is a "child" pursuant to R.C. 2152.02(C)(2) is subject to the juvenile offender registration provisions even if he has attained twenty-one years of age. Id. at ¶¶ 10 and 13.

{¶16} We conclude that Judge Kirsch has both subject matter and personal jurisdiction over Jean-Baptiste. Therefore, his exercise of judicial power by holding a juvenile sexual offender hearing is authorized by law.

Adequate Remedy at Law

{¶17} Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction generally has an adequate remedy via postjudgment appeal within which to pursue a jurisdictional challenge. *Clark v. Connor* (1998), 82 Ohio St.3d 309, 695 N.E.2d 751. Because we have concluded that Judge Kirsch does not patently and unambiguously lack jurisdiction, we find that Jean-Baptiste has an adequate remedy at law by way of an appeal.

Failure to Hold Hearing Within Reasonable Time

{¶18} Jean-Baptiste also argues that the juvenile court was statutorily required to hold the juvenile sexual offender classification hearing upon his release from the secure DYS facility and, because it waited over a year and a half to hold the hearing, it lost jurisdiction. Specifically, Jean-Baptiste states that he was released from the secure DYS facility on July 17, 2008 and the hearing was not scheduled until February 8, 2010. Judge Kirsch argues that Jean-Baptiste is relying on facts not in evidence to support his claim because he stated in his complaint that he was released from DYS on January 18, 2010.

{¶19} While we agree with Judge Kirsch that the timeline in this case is unclear, Jean-Baptiste did state in his affidavit and his complaint that he was

transferred to ICE custody in May 2008.  Nonetheless, we decline to address this argument.

**{¶20}**  Jean-Baptiste primarily cites two cases to support his argument that the juvenile court lost jurisdiction to hold the juvenile sexual offender hearing because it did not hold the hearing in a timely manner – *In re McAllister*, 2006-Ohio-5554, and *In the Matter of B.W.*, 2007-Ohio-2096.  However, neither of these cases involves a writ of prohibition and neither the Second nor the Fifth District held that a delay in scheduling the hearing may affect the juvenile court's jurisdiction.  Therefore, Jean-Baptiste's claim that the hearing is untimely should be raised by way of an appeal as it is not a challenge to Judge Kirsch's jurisdiction.

Conclusion

**{¶21}**  We hereby **DENY** the requested writ of prohibition.  **WRIT DENIED. COSTS TO PETITIONER.  IT IS SO ORDERED.**

Abele, J. & Kline, J.:   Concurs

**FOR THE COURT**

_____
William H. Harsha
Presiding Judge