[Cite as *In re B.D.* , 2012-Ohio-2223.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| IN THE MATTER OF: B.D. | : | Hon. W. Scott Gwin, P.J. |
| A DELINQUENT CHILD | : | Hon. Sheila G. Farmer, J. |
|  | : | Hon. Julie A. Edwards, J. |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | Case No. 11-CA-27 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Guernsey County
                             Court of Common Pleas, Juvenile Division,
                             Case No. 08JA00536

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 16, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MARGARET BOYD LAPLANTE                ANDREW J. WARHOLA
Assistant Prosecuting Attorney        110 North 7th Street
139 West Eighth Street                Cambridge, OH  43725
Cambridge, OH   43725

*Gwin, P.J.*

{¶1} B.D., who was previously adjudicated a delinquent child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, which conducted a sex offender classification hearing and issued a classification order after appellant's 21st birthday. Appellant assigns two errors to the trial court:

{¶2} "I. THE GUERNSEY COUNTY JUVENILE COURT ERRED WHEN IT CONDUCTED A SEX OFFENDER CLASSIFICATION HEARING AND CLASSIFIED B.D. AS A TIER III JUVENILE OFFENDER REGISTRANT AFTER HE HAD TURNED TWENTY-ONE YEARS OF AGE.

{¶3} "II. THE GUERNSEY COUNTY JUVENILE COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CONDUCT A SEXUAL OFFENDER CLASSIFICATION HEARING IMMEDIATELY UPON THE RELEASE OF THE APPELLANT FROM THE GUERNSEY COUNTY JAIL, PURSUANT TO R.C. SECTION 2152.83(A)(1)."

{¶4} On September 8, 2008, the State filed a juvenile complaint against appellant alleging four counts of rape and one count of sexual imposition. On February 2, 2009, appellant made an admission of true to three counts of rape. The State dismissed the other charges and the court found him to be delinquent. The trial court then held a dispositional hearing and placed appellant in the legal custody of the Ohio Department of Youth Services for a minimum period of one year and a maximum period not to exceed his 21st birthday. The placement was suspended on condition that appellant serve 90 days on each count, concurrently, in the county jail after he graduated from high school. The court also ordered appellant to complete the SAY

Program and safety planning and ordered appellant's father to participate in the parent component of the programs. The court placed appellant on probation and ordered him to have no contact with the victims. The court stated it would set the matter for hearing on the sexual offender registration "after the Court has been notified that the child has successfully completed the SAY Program".

{¶5} Appellant was released from the Guernsey County Jail in September 2009, and in November 2010 he completed the SAY Program. On January 19, 2011, prior to appellant's 21st birthday, the State moved the court to schedule the sexual offender classification hearing. Appellant turned 21 years old on February 2, 2011. The court scheduled the hearing for February 23, 2011, but it was continued to March 22, 2011, continued a second time, and finally conducted on June 28, 2011.

I

{¶6} In his first assignment of error, appellant argues the court lost jurisdiction over him when he turned 21 years of age.

{¶7} The Ohio Constitution grants juvenile courts exclusive original jurisdiction over delinquent minors. The Ohio Revised Code also sets out the jurisdiction of the juvenile court in R.C. 2152.02. It states:

> (C)(6) The juvenile court has jurisdiction over a person who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child or juvenile traffic offender

shall be deemed a "child" until the person attains twenty-one years of age. ***

**{¶8}** R.C. 2152.83 provides if the court adjudicates a child a delinquent child and commits the child to the custody of a secure facility, then at the time the child is released from the secure facility, the court must issue an order regarding the child's juvenile offender registrant status. Prior to issuing the order, the trial court must conduct a hearing to determine whether and how to classify the child. R.C. 2152.831.

**{¶9}** Appellant argues the juvenile court has no jurisdiction to conduct a sexual offender classification hearing regarding an adult, because the statute refers to a "child" who has been adjudicated a delinquent child, and the court loses jurisdiction over those children when they turn 21 years old. Although the State had moved for the hearing before appellant's birthday, the court did not conduct the hearing until more than four months after he turned 21.

**{¶10}** The Court of Appeals for Ross County has held a court retained jurisdiction over a juvenile offender even though he had turned 21 years old, but the issue was whether the juvenile court retained jurisdiction to modify or enforce a classification entered before the child's 21st birthday. The court reached this decision given the particular circumstances of the case, namely that the child had turned 21 while the classification was on appeal. The appeals court remanded the case and informed the juvenile court it could re-impose the same classification. The appeals court found because the sexual classification order was originally entered before the child's 21st birthday, the court retained jurisdiction on remand. *In Re: A.R.R.,* 194 Ohio App. 3d 40, 2011-Ohio-1186, 954 N.E. 2d 1213 (Fourth District) at ¶¶7-8. The court did not

express an opinion regarding whether a juvenile court could enter an original order after the child turned 21 years old. This case is easily distinguishable from the case at bar.

{¶11} More on point is *In Re: G.M.,* 188 Ohio App. 3d 318, 2010-Ohio-2295, 935 N.E. 2d 459 (Third District), wherein the Court of Appeals for Defiance County held a court loses jurisdiction to classify an adjudicated delinquent child as a sex offender registrant after he has attained the age of 21. The court particularly noted the trial court had notice G.M.'s 21st birthday was approaching, but failed to schedule the hearing until later.

{¶12} However, based upon the Ohio Supreme Court's case *State ex rel. N.A. v. Cross,* 125 Ohio St. 3d 6, 2010-Ohio-1471, 925 N.E. 2d 614, we disagree with the reasoning in the *G.M.* case.

{¶13} In *Cross,* the Ohio Supreme Court reviewed a petition for writ of prohibition to prevent the juvenile court judge from proceeding with an adjudicatory hearing in a delinquency case, after N.A. had turned 21 years old. N.A. was charged with rape. The Supreme Court refused to issue the petition, finding the judge did not patently and unambiguously lack jurisdiction to proceed with the delinquency case, and because N.A. had an adequate remedy of law, in a direct appeal. *Cross* at ¶ 14, citation deleted.

{¶14} Most significantly, the Supreme Court found even though N.A. was over 21 years old, the delinquency proceeding was still important because if the juvenile court adjudicated him to be a delinquent child based on the rape offense, he would be subject to the juvenile offender registration provisions, which do not terminate at age 21. *Id.* ¶ 13. Clearly the Supreme Court anticipated the juvenile court would conduct the

hearing and make the sexual offender registration determination even though N.A. had turned 21. The court found a juvenile court has jurisdiction to conduct all the hearings authorized or required regarding a child who has been adjudicated a delinquent child. *Id.*

{¶15} Here, the trial court found the classification process was not a new proceeding but rather a continuation of the original delinquency case. We agree. We conclude the trial court had jurisdiction over appellant to complete the required statutory proceedings in his juvenile case even though he was over 21 years old.

{¶16} The first assignment of error is overruled.

II.

{¶17} In his second assignment of error, appellant argues the trial court erred when it did not conduct the sexual offender classification hearing at the time he was released from the Guernsey County Jail, or after he completed the SAY program. The Revised Code requires the juvenile court to conduct the sexual offender classification hearing "at the time of the child's release from the secure facility". Appellant argues he was sentenced to jail for 90 days, and was released in September 2009. The court did not conduct the hearing upon his release, nor after he was terminated from the SAY Program in December 2010. The State filed the motion for the classification hearing over a month later, but still before his 21st birthday. The hearing was originally scheduled for three weeks after he turned 21, but did not actually take place for four more months.

{¶18} The statute does not specify a time period within which the court must conduct the hearing, but only provides it should occur "at the time of the child's release".

Courts have generally construed nonspecific language as providing a reasonable time. *See, e.g. State v. Brown*, 186 Ohio App. 3d 309, 2010-Ohio-405, 927 N.E.2d 1133, ¶ 24, citations to four other districts deleted, (Crim. R. 33); *State v. Peek*, 9th Dist. No. 10CA0040, 2011-Ohio-3624, ¶ 6, citations deleted (speedy trial waivers); *Hall v. U.S. Bank National Association*, 1st Dist. No. C-040642, 2006-Ohio-303, ¶ 7, *citing Marino v. Hootman,* 5th Dist. No.2003 AP 06 0044, (contracts); *Ulrich v. Mercedes-Benz USA, L.L.C.,* 9th Dist. No 25929, 2012-Ohio-1623 ¶18, citations deleted (R.C. 1345.75).

**{¶19}** R.C. 2152.83 states the rationale for delaying the hearing until the child is released from the secure facility is so the court can review the effectiveness of the disposition and of any treatment provided to the child. After his release from jail, appellant was on probation until he completed the SAY Program. The court's order of March 24, 2009 specified it would not conduct the registration hearing until after appellant completed the SAY program. We find the trial court did not err in according appellant the extra time to finish the SAY Program before reviewing his progress, rather than holding the hearing immediately after appellant was released from jail.

**{¶20}** The approximately six-month time lapse between appellant's completion of the SAY program and the hearing is more problematic. The court's original dispositional order stated it would conduct the hearing after the court was notified appellant had completed the program.

**{¶21}** Appellant moved the court to dismiss the case based upon jurisdiction, but did not object to the continuances or raise the issue of timeliness to the court on the record. The court continued the hearing on March 22, 2011 in part so the State could respond to appellant's motion to dismiss.

**{¶22}** It is certainly very important to conduct the classification hearing as promptly as possible, because any registration requirements the court might impose are intended to protect society upon the child's release back into the community. Likewise, the appellant has an interest in having the matter finally resolved in a timely manner. However, on the facts and circumstances of this case we cannot find the delay in conducting the hearing was unreasonable.

**{¶23}** The second assignment of error is overruled.

**{¶24}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS

WSG:clw 0502

[Cite as *In re B.D.* , 2012-Ohio-2223.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF: B.D.    :
             :
             :
             :
             :
             :
             :    JUDGMENT ENTRY
             :
             :
             :
             :    CASE NO. 11-CA-27

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS