O’Donnell, J.,
dissenting.
{¶ 34} It is a fundamental tenet of jurisprudence in extraordinary-writ cases that the scope of review by this court and courts of appeals is less expansive than in cases that arise in the ordinary course of law. This is a sensible corollary to the “ ‘cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more.’ ” State ex rel. Asti v. Ohio Dept. of Youth Servs., 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 34, quoting PDK Laboratories, Inc. v. United States Drug Enforcement Admin., 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and concurring in judgment). Consequently, in cases seeking extraordinary relief in prohibition, courts should not address the merits of a jurisdictional claim, because their duty is limited to determining whether jurisdiction in the lower court is patently and unambiguously lacking. See State ex rel. Mason v. Burnside, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 12 (court does not rule on merits of jurisdictional claim, “because our duty in prohibition cases is limited to determining whether jurisdiction is patently and unambiguously lacking”); State ex rel. Davet v. Sutula, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 3 (court of appeals did not need to address the merits of jurisdictional claim, because its jurisdiction in writ case *432 was limited to determining whether jurisdiction is patently and unambiguously lacking).
{¶ 35} Although the majority opinion in this case parrots the general standard applicable to Jean-Baptiste’s claim for extraordinary relief in prohibition, it fails to apply it, and instead it erroneously conflates Jean-Baptiste’s properly raised prohibition claim with a claim that he waived in the court of appeals and then decides the merits of the prohibition claim based largely on the waived jurisdictional claim.
{¶ 36} Jean-Baptiste raises two distinct claims in this appeal — his primary one challenging the jurisdiction of the juvenile court to conduct a classification hearing for a delinquent child over 21 years of age and his secondary claim contesting the juvenile court’s alleged failure to hold a classification hearing within a reasonable time after he was released from a secure facility. It is the second of these two claims that relies on R.C. 2152.83(A)(1) and that is not properly before this court.

Failure to Hold Classification Hearing Within Reasonable Time

{¶ 37} In his second proposition of law, Jean-Baptiste claims that the court of appeals erred in denying the writ of prohibition because the juvenile court patently and unambiguously lost jurisdiction under R.C. 2152.83(A)(1) to classify him as a juvenile-offender registrant by failing to hold a classification hearing within a reasonable time after he was released from a DYS facility on July 17, 2008. It is this claim that the majority finds to be dispositive.
{¶ 38} R.C. 2152.83(A)(1)[3] provides that under circumstances such as those in the underlying delinquency case here, the juvenile court “shall issue at the time of the child’s release from the secure facility an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code.”
The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child’s release from the secure facility an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:
(a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.
(b) The child was sixteen or seventeen years of age at the time of committing the offense.
(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.
*433 {¶ 39} Jean-Baptiste failed to raise this claim in his complaint and did not seek leave to amend his complaint to raise the claim. The parties then submitted evidence based on the allegations of the complaint, and in his court-of-appeals merit brief, Judge Kirsch objected to Jean-Baptiste’s raising the claim in his brief when he had failed to raise it in his complaint. Notwithstanding the majority’s claim that no waiver occurred, the fact remains that his complaint did not cite R.C. 2152.83(A)(1), which the majority now finds to be dispositive, as a basis for the writ of prohibition. Under these circumstances, Jean-Baptiste waived this jurisdictional claim in his prohibition case. See State ex rel. Miller v. Reed, 87 Ohio St.3d 159, 160, 718 N.E.2d 428 (1999) (court declined to address merits of claim on appeal from dismissal of prohibition complaint when appellant did not raise the issue in his complaint or amend the complaint to include the claim, and appellees did not expressly or implicitly consent to litigation of it).
{¶ 40} Moreover, for the following reasons, even assuming that Jean-Baptiste’s claim was not waived by his failure to properly raise it in the court of appeals, he did not establish that the juvenile court patently and unambiguously lacked jurisdiction to conduct his classification hearing within a reasonable time after he was released from custody.
{¶ 41} First, R.C. 2152.83(A)(1) does not specify that if a juvenile court fails to hold a hearing at the time specified in the statute, its jurisdiction to hold the hearing is terminated. “ ‘As a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure.’ ” State ex rel. Ragozine v. Shaker, 96 Ohio St.3d 201, 2002-Ohio-3992, 772 N.E.2d 1192, ¶ 13, quoting State ex rel. Jones v. Farrar, 146 Ohio St. 467, 66 N.E.2d 531 (1946), paragraph three of the syllabus; see also State ex rel. Madsen v. Jones, 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 8.
{¶ 42} Significantly, in State v. Bellman, 86 Ohio St.3d 208, 210, 714 N.E.2d 381 (1999), the court held that former R.C. 2950.09(B)(1), which provided that the judge “shall conduct the [sexual predator] hearing prior to sentencing,” id. at 210, did not impose any jurisdictional restriction based on a judge’s failure to comply with the timing requirement to hold the classification hearing. See also In re Davis, 84 Ohio St.3d 520, 522, 705 N.E.2d 1219 (1999) (time requirement for juvenile court to make disposition order is directory and not jurisdictional). Similarly, R.C. 2152.83(A)(1) includes no expression of legislative intent to restrict the jurisdiction of the juvenile court to hold a juvenile-offender classification hearing for failure to hold a classification hearing at the time of the child’s release from a secure facility.
*434 {¶ 43} Second, Jean-Baptiste cites two appellate decisions in support of his claim, but these cases were resolved in the ordinary course of law by appeal rather than in an extraordinary-writ action. See In re McAllister, 5th Dist. No. 2006CA00073, 2006-Ohio-5554, 2006 WL 3020338 (juvenile court lacked jurisdiction to classify person as a juvenile sex offender 13 months after his release from a secure facility); In re B.W., 2d Dist. No. 1702, 2007-Ohio-2096, 2007 WL 1288529, ¶ 13-14 (although classification hearing was not held until more than two months after the juvenile’s release from a secure facility, it was held within a reasonable time after release “given docket constraints and appropriate time for evaluations appurtenant to classification”); see also State ex rel. Sliwinski v. Burnham Unruh, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶ 21 (affirming sua sponte dismissal of complaint for a writ of prohibition because the appellant’s argument was one normally raised in ordinary course of law rather than in an action for extraordinary relief and so did not establish a patent and unambiguous lack of jurisdiction).
{¶44} Third, Jean-Baptiste was not released from a secure facility in July 2008; instead, he was released from DYS to the custody of the United States Department of Homeland Security pursuant to an immigration detainer and was placed in another secure facility — the Seneca County Jail. Jean-Baptiste was not released from this federal custody until January 26, 2010, and Judge Kirsch then promptly scheduled his classification hearing for February 8, 2010.
{¶ 45} Fourth, I note that that the Tenth District Court of Appeals, in an appeal in the ordinary course of law, resolved the substantive issue concerning R.C. 2152.83(A) in favor of the juvenile court’s exercise of jurisdiction. We allowed an appeal from the court of appeals’ judgment in that case, and oral argument is scheduled for January 13, 2013. See In re J.B., 10th Dist. No. 11AP-243, 2011-Ohio-6134, 2011 WL 5924451, appeal allowed, 131 Ohio St.3d 1483, 2012-Ohio-1143, 963 N.E.2d 824. We should not decide an issue in the context of an appeal in an extraordinary-writ case in which the issue was not properly raised; this is especially true when the same substantive issue is before the court in a pending discretionary appeal in the ordinary course of law.
{¶ 46} Finally, the majority’s emphatic reliance on In re Cross, 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258, is misplaced for three separate reasons. First, that case was decided in the ordinary course of law and not in the context of an action for extraordinary relief. Second, Jean-Baptiste cites Cross in support of his first proposition, but not in support of his waived second proposition regarding R.C. 2152.83(A)(1), for which the majority cites it. Third, as the Tenth District Court of Appeals persuasively reasoned in J.B., our holding in Cross, which is limited to a juvenile court’s jurisdiction to reimpose a suspended commitment to a DYS facility after a juvenile has been released from probation, *435 does not govern a juvenile court’s jurisdiction in a sex-offender juvenile-delinquency case:
The juvenile court’s jurisdiction in a sex-offender adjudication is different from its jurisdiction with respect to other adjudications. While a juvenile court ordinarily “relinquishes control” over a child committed to DYS, the court does not relinquish control over a child adjudicated delinquent for committing a sexually-oriented offense. R.C. 2152.22(A). And, while a child may only be held at DYS until the age of 21, R.C. 2152.83(E) provides that an order issued under R.C. 2152.83(A) “and any determinations included in the order shall remain in effect for the period of time specified in” R.C. Chapter 2950. Compare R.C. 2152.16 (provisions precluding juvenile court from committing a child to DYS for a period exceeding age 21). The child’s attainment of age 18 or 21 “does not affect or terminate the order, and the order remains in effect for the period of time described in this division.” R.C. 2152.83(E).
J.B. at ¶ 45.
{¶ 47} Therefore, Jean-Baptiste’s second proposition, which is based on R.C. 2152.83(A)(1) and which the majority holds to be dispositive of this case, does not warrant reversal of the court of appeals judgment denying the writ of prohibition.

Jurisdiction to Conduct Classification Hearing for Delinquent Child over 21 Years Old

{¶ 48} In his first proposition, Jean-Baptiste asserts that he established that the juvenile court patently and unambiguously lacked jurisdiction to conduct the February 8, 2010 classification hearing because he had turned 21 on January 18, 2010.
{¶ 49} Jean-Baptiste’s assertion lacks merit. As the majority concedes, Judge Kirsch and the juvenile court have basic statutory jurisdiction over the delinquency case under R.C. 2151.23(A)(1) and 2151.011(B)(6), and they have exclusive original jurisdiction to conduct the juvenile-offender classification hearing at issue here.
{¶ 50} Under R.C. 2152.02(C)(2), subject to a provision that is inapplicable here, “any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a ‘child’ irrespective of that person’s age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held.” See also Juv.R. 2(D) (“ ‘Child’ has the same meaning as in sections 2151.011 and 2152.02 of the Revised Code”). Jean- *436 Baptiste committed the rape before he was 18 years old, and as the court of appeals concluded, the “language of R.C. 2152.02(C)(2) does not limit the juvenile court’s jurisdiction to only the ‘hearing on the complaint,’ i.e., the adjudication and disposition.” State ex rel. Jean-Baptiste v. Kirsch, 4th Dist. No. 10CA3338, 2011-Ohio-3368, 2011 WL 2650734, ¶ 12. In fact, it is arguable that the classification hearing constitutes a hearing on the complaint for purposes of the statute because it is a hearing that is required after the adjudication and disposition for certain sex-oriented or child-victim-oriented offenses.
{¶ 51} Therefore, the juvenile court does not patently and unambiguously lack jurisdiction to conduct the required hearing to classify Jean-Baptiste as a juvenile-offender registrant.
{¶ 52} This holding is supported by precedent. In State ex rel. N.A. v. Cross, 125 Ohio St.3d 6, 2010-Ohio-1471, 925 N.E.2d 614, we affirmed a judgment dismissing a complaint for a writ of prohibition to prevent a juvenile court judge from proceeding with an adjudicatory hearing in a delinquency case after the alleged delinquent child had turned 21 years old. We held that the juvenile court did not patently and unambiguously lack jurisdiction to proceed. In so holding, we emphasized that “even though N.A. is now over 21 years old, the delinquency proceeding is still important because if he is adjudicated a delinquent child based on the rape offenses, N.A. would still be subject to the juvenile-offender-registration provisions.” Id. at ¶ 13, citing R.C. 2151.23(A)(15) and 2152.82(C). Similarly, Jean-Baptiste, who has been adjudicated a delinquent child based on his rape of a ten-year-old boy, is subject to the juvenile-offender-registration provisions of R.C. Chapter 2950. And he should be. The public has a right to be notified of his prior offense.
{¶ 53} Although N.A. is distinguishable in certain particulars, it provides support for the juvenile court’s exercise of continuing jurisdiction here. The appellate cases that have relied on N.A. have applied our holding in that case to rule that juvenile courts have jurisdiction to conduct classification proceedings after the juvenile reached 21 years of age. State ex rel. Jean-Baptiste v. Kirsch, 2011-Ohio-3368, 2011 WL 2650734; In re B.D., 5th Dist. No. 11-CA-27, 2012-Ohio-2223, 970 N.E.2d 1178 (court affirmed juvenile court’s decision to conduct sex-offender classification hearing after juvenile reached 21 years of age). These courts did not act unreasonably in so holding.
{¶ 54} Finally, this case has been held for several months for a decision in J.V. Our recent holding in In re J.V., 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, however, does not require a different conclusion than that reached by the court of appeals. In J.V., we held that a juvenile court lacked jurisdiction to correct its original disposition to impose postrelease control after a delinquent *437 child turned 21 years old. In that case, we interpreted R.C. 2152.02(C)(6), which provides:
Timothy Young, Ohio Public Defender, and Amanda J. Powell, Assistant Public Defender, for appellant.
The juvenile court has jurisdiction over a person who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child or juvenile traffic offender shall be deemed a “child” until the person attains twenty-one years of age.
(Emphasis added.)
{¶ 55} R.C. 2152.02(C)(6), which is not relied on by the parties in this appeal, does not apply here, because Jean-Baptiste was not adjudicated a delinquent child before he was 18 years old. See N.A., 125 Ohio St.3d 6, 2010-Ohio-1471, 925 N.E.2d 614, at ¶ 11 (“R.C. 2152.02(C)(6), however, is inapplicable because N.A. was not adjudicated a delinquent child before he was 18 years old”). Consequently, our holding in J.V. does not address Jean-Baptiste’s claim.
{¶ 56} Therefore, Jean-Baptiste’s first proposition also lacks merit.
Conclusion
{¶ 57} Based on the foregoing, the court of appeals did not err in denying Jean-Baptiste’s claim for extraordinary relief in prohibition. Jean-Baptiste failed to establish that Judge Kirsch and the juvenile court patently and unambiguously lack jurisdiction to conduct a hearing to classify Jean-Baptiste as a juvenile-offender registrant in accordance with R.C. 2152.83(A)(1) and the pertinent provisions of R.C. Chapter 2950. Jean-Baptiste thus had an adequate remedy in the ordinary course of law to raise his jurisdictional claims, and the court should affirm the well-reasoned decision of the court of appeals. Because the majority, in reversing the judgment of the court of appeals, instead conflates Jean-Baptiste’s arguments on appeal, credits a jurisdictional claim that Jean-Baptiste waived by not properly presenting it in the court of appeals, and ignores our well-established axioms restricting the scope of our review in extraordinary-writ eases and extolling judicial restraint, I respectfully dissent.
Lundberg Stratton and Cupp, JJ., concur in the foregoing opinion.
*438 Mark E. Kuhn, Scioto County Prosecuting Attorney, and Danielle M. Parker, Assistant Prosecuting Attorney, for appellee.

. R.C. 2152.83(A)(1) provides: