THE STATE EX REL. PRUITT, APPELLANT, *v.* DONNELLY,

JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Pruitt v. Donnelly,* 129 Ohio St.3d 498, 2011-Ohio-4203.]

*Mandamus and prohibition — Relator's claim that he had not pleaded guilty to*
*certain charges not cognizable in mandamus or prohibition — Any error*
*in sentencing does not deprive court of jurisdiction — Writs denied.*

(No. 2011-0520 — Submitted August 8, 2011 — Decided August 31, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 95518, 2011-Ohio-1252.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals dismissing the complaint of appellant, Michael Jarmal Pruitt, for writs of mandamus and prohibition to compel appellees, common pleas court judges, to vacate his convictions and sentence. Pruitt claimed that despite the language in his sentencing entry, he had not entered pleas of guilty to having a weapon while under disability and to a firearm specification relating to an attempted-murder charge.

**{¶ 2}** The common pleas court had jurisdiction over Pruitt's criminal proceeding, including sentencing. See R.C. 2931.03. Error in sentencing does not patently and unambiguously divest the court or its judges of jurisdiction to enter judgment. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5; see also *State ex rel. Cunningham v. Lindeman*, 126 Ohio

St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393, ¶ 1 (petitioner seeking writs of mandamus or procedendo had adequate remedy by appeal to raise claimed sentencing errors).

{¶ 3} As the court of appeals observed, none of the cases cited by Pruitt hold that a trial court error relating to whether a plea had been entered deprived the court of subject-matter jurisdiction. See *State v. Smith* (Mar. 28, 1991), Cuyahoga App. Nos. 58334, 58418, and 58443, 1991 WL 41730; *Cleveland v. Wainwright* (Nov. 17, 1977), Cuyahoga App. No. 36623, 1977 WL 201633; *State v. Davis* (Sept. 7, 2000), Cuyahoga App. No. 76085, 2000 WL 1281209. And all of these cases were resolved in the ordinary course of law by appeal rather than in an action for an extraordinary writ. See *State ex rel. Brooks v. O'Malley*, 117 Ohio St.3d 385, 2008-Ohio-1118, 884 N.E.2d 42, ¶ 12.

{¶ 4} Therefore, Pruitt had adequate remedies in the ordinary course of law to raise his claims, and the court of appeals properly dismissed his claims for extraordinary relief in mandamus and prohibition.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Michael Jarmal Pruitt, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellees.

_____