[Cite as *Lenard v. Bozza*, 2012-Ohio-4296.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98242**

# RICHARD LENARD

PETITIONER

vs.

# JUDGE MARY K. BOZZA

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Prohibition
Motion No. 456107
Order No. 458005

**RELEASE DATE:** September 18, 2012

**FOR PETITIONER**

Richard Lenard
Inmate No. 570-627
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, OH    43724

**ATTORNEY FOR RESPONDENT**

Paul T. Murphy
Law Director
City of Lyndhurst
5843 Mayfield Road
Mayfield Heights, OH    44124

KENNETH A. ROCCO, J.:

{¶1} On April 17, 2012, the petitioner, Richard Lenard, commenced this prohibition action against the respondent, Judge Mary K. Bozza of the Lyndhurst Municipal Court. Lenard argues that the respondent judge was without jurisdiction to adjudicate the underlying case, *The Bank of New York v. Jackson*, Lyndhurst M.C. No. 09CVG00752, a forcible entry and detainer action, in 2009 because the plaintiff, the Bank of New York, did not have title to the subject property. Thus, Lenard argues prohibition will lie to correct the results of the improper judgment. On June 18, 2012, the respondent judge filed a motion to dismiss on the grounds of adequate remedy at law, and Lenard filed his brief in opposition on June 25, 2012. For the following reasons, this court grants the judge's motion to dismiss.

{¶2} Lenard alleges the following in his complaint: In May 2007, the Bank of New York obtained the subject premises—197 Richmond Road, Richmond Heights, Ohio—in a foreclosure sale. On August 1, 2008, the Bank of New York sold the subject premises to Ryan Jackson for $190,000; Lenard attached a copy of this deed to his complaint. Then, Jackson leased the subject premises to Lenard on October 1, 2008, and Lenard moved in November 2008. On April 28, 2009, the Bank of New York commenced the underlying forcible entry and detainer action against Jackson, Herman Hunt, and an unknown tenant in the subject premises. Lenard asserts that he never received service or notice of the underlying case. On May 18, 2009, the respondent judge granted a writ of restitution to the Bank of New York, and on or about May 30,

2009, the Bank of New York's "clean out crew" evicted Lenard and his personal property. Lenard estimates that he was damaged in the amount of $200,000.

{¶3} The docket from the underlying case shows that on February 9, 2010, Lenard filed a motion to set aside the writ of restitution. He subsequently filed a motion for summary judgment in April 2010. The Bank of New York moved to strike both motions, and the respondent judge granted the motions to strike on June 7, 2010. Lenard appealed that decision in *Bank of New York v. Jackson*, 8th Dist. No. 95345. However, this court dismissed the appeal on August 16, 2010, for failure to file the record. On August 10, 2011, Lenard filed another motion to set aside writ of restitution pursuant to Civ.R. 60(B). The respondent judge denied the motion on August 22, 2011. Lenard again appealed to this court, *Bank of New York v. Jackson*, 8th Dist. No. 97324. Again this court dismissed the appeal for failure to file the record on November 3, 2011. Lenard then commenced this prohibition action.

{¶4} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to

exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Additionally, prohibition may be used to correct the results of prior jurisdictionally unauthorized actions. *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809. Moreover, the court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶5} Although Lenard admits that the respondent judge has jurisdiction to

adjudicate forcible entry and detainer actions pursuant to R.C. 1901.18(A)(8), he argues that she was patently and unambiguously without jurisdiction to hear the underlying case, because she was really adjudicating a quiet title action. He reasons that because he has evidence that Ryan Jackson was given title in 2008, she could not award the Bank of New York possession of the subject premises until she resolved who actually had title. Because she could not do that, the writ of restitution is void ab initio, and, he concludes, the writ of prohibition will lie to attack that judgment and correct the effects of the prior jurisdictionally unauthorized actions.

{¶6} Lenard attached a copy of the Bank of New York's complaint to his complaint. It appears to be a forcible entry and detainer complaint. The statutory grant of jurisdiction under R.C. 1901.18(A)(8) to adjudicate forcible entry and detainer actions vested Judge Bozza with sufficient jurisdiction to determine her own jurisdiction over the case. Thus, she was not patently and unambiguously without jurisdiction, and prohibition will not lie. *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 285 N.E.2d 22 (1972); and *State ex rel. Pruitt v. Donnelly*, 8th Dist. No. 95518, 2011-Ohio-1252, aff'd, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117.

{¶7} Moreover, a motion to vacate pursuant to Civ.R. 60(B) with an appeal available, if necessary, is an adequate remedy at law which precludes a writ of prohibition. *State ex rel. Feathers v. Hayes/Badger*, 11th Dist. No. 2006-P-0092, 2007-Ohio-3852, and *State ex rel. Smith v. Celebrezze,* 8th Dist. No. 93072, 2009-Ohio-5386. In the present case, Lenard not only had this remedy available, but

pursued it twice.   Therefore, prohibition will not lie.

{¶8} Accordingly, this court grants the respondent's motion to dismiss, and dismisses this application for a writ of prohibition.   Petitioner to pay costs.   This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶9} Complaint dismissed.


_____
KENNETH A. ROCCO, JUDGE

JAMES J. SWEENEY, P.J., and
MARY EILEEN KILBANE, J., CONCUR