[Cite as *State ex rel. Jean-Baptiste v. Kirsch,* 134 Ohio St.3d 421, 2012-Ohio-5697.]

THE STATE EX REL. JEAN-BAPTISTE, APPELLANT, *v.* KIRSCH, JUDGE, APPELLEE.

[Cite as *State ex rel. Jean-Baptiste v. Kirsch,* 134 Ohio St.3d 421, 2012-Ohio-5697.]

*R.C. 2152.83(A)(1)—Juvenile court patently and unambiguously lacks jurisdiction to proceed with classifying juvenile-offender registrant—Court of appeals' judgment denying writ of prohibition reversed.*

(No. 2011-0934—Submitted December 6, 2011—Decided December 6, 2012.)

APPEAL from the Court of Appeals for Scioto County, No. 10CA3338, 2011-Ohio-3368.

_____

**LANZINGER, J.**

**{¶ 1}** This is an appeal from a judgment of the court of appeals denying the claim of appellant, Pression Jean-Baptiste, for a writ of prohibition to prevent appellee, Judge James W. Kirsch of the Scioto County Court of Common Pleas, Juvenile Division, from classifying him as a juvenile-offender registrant in a delinquency case after he turned 21 years old. Because the juvenile court patently and unambiguously lacks jurisdiction to proceed with classifying Jean-Baptiste, we reverse the judgment of the court of appeals and grant the writ of prohibition.

## I. Facts

*A. Juvenile-Delinquency Case*

**{¶ 2}** Jean-Baptiste was born in Haiti on January 18, 1989. According to Jean-Baptiste, he was brought to the United States from a Haitian orphanage in 1996 and was placed with Paula Kessler in Portsmouth, Ohio. There were no legal proceedings regarding his custody until December 2004, when the juvenile court placed him in the legal custody of Kessler.

**{¶ 3}** On October 19, 2006, a Scioto County assistant prosecuting attorney filed a complaint in the Scioto County Juvenile Court alleging that Jean-Baptiste, then 17 years old, appeared to be a delinquent child for committing a rape of a ten-year-old child on August 19, 2006, an offense that would be a felony of the first degree if committed by an adult. In January 2007, Jean-Baptiste admitted the allegations of the complaint, and on the day after Jean-Baptiste turned 18 years old, Judge Kirsch adjudicated him to be a delinquent child. On February 5, 2007, following a dispositional hearing, Judge Kirsch ordered that Jean-Baptiste be committed to the permanent custody of the Ohio Department of Youth Services ("DYS") for placement in an institution for a minimum of one year and for a maximum period not to extend beyond his 21st birthday—January 18, 2010. The judge also classified Jean-Baptiste as a sexual predator and ordered him to meet the registration requirements of that classification upon his release.

**{¶ 4}** On appeal, the court of appeals vacated the juvenile court's sexual-predator classification based on its holding that because the court committed Jean-Baptiste to a secure facility as part of its dispositional order, the court could not classify him as a sexual predator under R.C. 2152.83(A)(1) until his release from the secure facility. *In re P.B.*, 4th Dist. No. 07CA3140, 2007-Ohio-3937. No appeal was taken from this decision.

**{¶ 5}** On May 23, 2008, the United States Department of Homeland Security placed an immigration detainer on Jean-Baptiste to assume custody of him. On July 17, 2008, DYS released Jean-Baptiste from its institution, and he was held in the Seneca County Jail until hearings could be conducted to determine his citizenship. In December 2009, DYS notified Judge Kirsch, the county sheriff's office, and the county prosecutor that on January 18, 2010 (Jean-Baptiste's 21st birthday), he would be discharged from the department's legal custody. Judge Kirsch had scheduled a status conference in the case for January 15, but continued it because Jean-Baptiste was still in the Seneca County Jail and

2

would not be released until January 26, 2010. Judge Kirsch ordered that Jean-Baptiste's juvenile-offender classification hearing be held on February 8, 2010. When Jean-Baptiste was released from the Seneca County Jail, he was placed by the United States Citizenship and Immigration Services at the Faith Mission residential facility.

*B. Prohibition Case*

**{¶ 6}** On February 2, 2010, Jean-Baptiste filed a complaint in the court of appeals for a writ of prohibition to prevent Judge Kirsch from proceeding to classify him as a juvenile-offender registrant. Jean-Baptiste claimed that the juvenile court patently and unambiguously lacked jurisdiction to proceed because no statute authorized the court to conduct a classification hearing after he had turned 21 years old on January 18, 2010. After the court of appeals denied Judge Kirsch's motions to dismiss and for relief from judgment and for leave to renew his motion to dismiss, the parties submitted evidence and briefs.

**{¶ 7}** Jean-Baptiste raised the following arguments: (1) Judge Kirsch does not have jurisdiction to classify him as a juvenile-offender registrant, because he is over 21 years old and is thus not a "child" as defined in R.C. 2152.02, (2) the juvenile court lacks personal jurisdiction over him because he is over 21 years old, and (3) Judge Kirsch lacks jurisdiction to classify him because the judge failed to hold a classification hearing within a reasonable time of his release from DYS. Judge Kirsch argued in part that the court of appeals should not consider Jean-Baptiste's last argument, because it was not raised in his complaint.

**{¶ 8}** On April 18, 2011, the court of appeals denied the writ of prohibition. Jean-Baptiste appealed, and after briefing, we sua sponte held the case for our decision in *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, which was decided on October 30, 2012.[1] *State ex rel. P.J. v. Kirsch*, 131

---

1. Because of the factual differences between *J.V.* and the present case, we do not look to *J.V.* for guidance here.

Ohio St.3d 1478, 2012-Ohio-955, 963 N.E.2d 156. This cause is now before the court for our consideration.

## II. Legal Analysis

*A. Oral Argument*

{¶ 9} Jean-Baptiste has filed a motion for oral argument. He claims that oral argument is appropriate because this case involves a matter of great public importance, complex issues of law or fact, and a conflict between courts of appeals.

{¶ 10} In cases in which oral argument is not mandatory—such as direct appeals from cases originating in a court of appeals, *see* S.Ct.Prac.R. 9.2(A)—we have discretion to grant oral argument, and "in exercising this discretion, we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals." *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

{¶ 11} Jean-Baptiste contends that this appeal involves a matter of great public importance because this court has pending cases that relate to the application of 2007 Am.Sub.S.B. No. 10 ("S.B. 10"), Ohio's version of the federal Adam Walsh Act, 42 U.S.C. 16901 et seq., *see, e.g.*, *In re D.J.S.*, case No. 2008-1624,[2] and its related cases, and because we recently held that S.B. 10, "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, syllabus. Yet in his motion, Jean-Baptiste concedes that the litigants in *In re D.J.S.* and its related cases "have not raised

---

2. *In re D.J.S.* is no longer pending; it was decided on October 20, 2011. 130 Ohio St.3d 257, 2011-Ohio-5342, 957 N.E.2d 291.

issues" similar to those involved in this appeal. And he does not suggest that the holding in this case is governed by either *Williams* or *In re D.J.S.*

{¶ 12} Moreover, Jean-Baptiste does not specify in what respect this direct appeal in a prohibition case involves either complex issues of law or fact or what purported conflict exists between courts of appeals on the claims he raises here.

{¶ 13} Finally, the parties' briefs are sufficient for the court to resolve this appeal. *See, e.g.*, *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 19.

{¶ 14} For all of these reasons, we deny Jean-Baptiste's motion for oral argument and proceed to address the merits.

*B. Prohibition*

{¶ 15} To be entitled to the requested extraordinary relief in prohibition, Jean-Baptiste had to establish that (1) Judge Kirsch was about to exercise judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 7. It is uncontroverted that by ordering the February 8, 2010 juvenile-offender classification hearing, Judge Kirsch was about to exercise judicial power when Jean-Baptiste filed his prohibition action.

{¶ 16} For the remaining requirements, "[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5; *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2. "Prohibition will not issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law." *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 9. The dispositive issue

is thus whether Jean-Baptiste established that the juvenile court patently and unambiguously lacked jurisdiction to conduct a juvenile-offender classification hearing.

*C. Continuing Jurisdiction Did Not Extend to Jean-Baptiste After He Turned 21*

{¶ 17} In his first proposition, Jean-Baptiste asserts that he established that the juvenile court patently and unambiguously lacked jurisdiction to conduct the February 8, 2010 classification hearing because he had turned 21 on January 18, 2010.

{¶ 18} Judge Kirsch and the juvenile court have basic statutory jurisdiction over the delinquency case under R.C. 2151.23(A)(1), which provides that the juvenile court has exclusive original jurisdiction "[c]oncerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * * to be * * * a delinquent * * * child." *See also* R.C. 2151.011(B)(6) (for purposes of R.C. Chapter 2151, "child" generally "means a person who is under eighteen years of age"). The complaint filed in the juvenile court alleged— and Jean-Baptiste subsequently admitted—that he was a delinquent child based on a rape he committed when he was 17 years old.

{¶ 19} However, although the juvenile court had jurisdiction over Jean-Baptiste's delinquency case, Jean-Baptiste argues in his first proposition of law that the juvenile court lost jurisdiction over the disposition once it had been fully satisfied and once he was no longer a "child" relative to that disposition. He points to R.C. 2152.02(C), which has eight subparts and defines the word "child" for purposes of R.C. Chapter 2152:

> (C)(1) "Child" means a person who is under eighteen years of age, *except as otherwise provided in divisions (C)(2) to (8) of this section*.

(2) *Subject to division (C)(3)* of this section, any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a "child" irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held.

(3) Any person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is *not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child* in relation to that act.

(4) Except as otherwise provided in divisions (C)(5) and (7) of this section, *any person whose case is transferred* for criminal prosecution pursuant to section 2152.12 of the Revised Code shall be deemed *after the transfer not to be a child* in the transferred case.

(5) Any person whose case is transferred for criminal prosecution pursuant to section 2152.12 of the Revised Code and who subsequently is convicted of or pleads guilty to a felony in that case, unless a serious youthful offender dispositional sentence is imposed on the child for that offense * * * and the adult portion of that sentence is not invoked * * *, and any person who is adjudicated a delinquent child * * * who has a serious youthful offender dispositional sentence imposed * * * and whose adult portion of the dispositional sentence is invoked * * * *shall be deemed after the conviction, plea, or invocation not to be a child* in any case in which a complaint is filed against the person.

(6) The juvenile court has jurisdiction over a person who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age *until the person attains twenty-one years of age*, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child or juvenile traffic offender *shall be deemed a "child" until the person attains twenty-one* years of age. * * *

(7) The juvenile court has jurisdiction over any person whose case is transferred for criminal prosecution solely for the purpose of detaining the person * * * unless the person is convicted of or pleads guilty to a felony in the adult court.

(8) Any person who, while eighteen years of age, violates division (A)(1) or (2) of section 2919.27 of the Revised Code by violating a protection order issued or consent agreement approved under section 2151.34 or 3113.31 of the Revised Code shall be considered a child for the purposes of that violation of section 2919.27 of the Revised Code.

(Emphases added.)

**{¶ 20}** Jean-Baptiste argues that the definition of "child" in R.C. 2152.02(C)(2) is limited by R.C. 2152.02(C)(3) to persons under the age of 21 and that the extension of jurisdiction for a "hearing on the complaint" in R.C. 2152.02(C)(2) is limited to matters of adjudication. We disagree with the first point, and hold that R.C. 2152.02(C)(2) and (3) are independent, but we agree with the second argument.

**{¶ 21}** The court of appeals in this case stated that "R.C. 2152.02(C)(2) does not limit the juvenile court's jurisdiction to only the 'hearing on the

complaint,' i.e., the adjudication and disposition." *State ex rel. Jean-Baptiste v. Kirsch*, 4th Dist. No. 10CA3338, 2011-Ohio-3368, ¶ 12. In concluding that the trial court had subject-matter jurisdiction over Jean-Baptiste, the court of appeals relied upon our decision in *State ex rel. N.A. v. Cross*, 125 Ohio St.3d 6, 2010-Ohio-1471, 925 N.E.2d 614, at ¶ 13, citing R.C. 2151.23(A)(15) and 2152.02(C). *Jean-Baptiste* at ¶ 14-16.

{¶ 22} The facts of *N.A.*, however, differ from those in Jean-Baptiste's case. *N.A.* arose out of a reversal of a delinquency adjudication because the juvenile court had failed to properly record the hearing, and N.A. had sought a writ of prohibition to prevent the juvenile court judge from proceeding with an adjudicatory hearing on remand. The juvenile court had begun its rehearing before the day that N.A. turned 21, but then continued the hearing to a date after his 21st birthday. *See id.* at ¶ 4. In affirming the court of appeals' denial of the writ, we concluded that the juvenile court did have jurisdiction to proceed on the delinquency case:

> Judge Cross does not patently and unambiguously lack jurisdiction to proceed with the *delinquency case* even though N.A. turned 21 years old before the case concluded. And notwithstanding N.A.'s argument to the contrary, even though the latest hearing in the matter was precipitated by the court of appeals' remand for a rehearing, that proceeding is still a "*hearing on the complaint.*"

(Emphases added.) *Id.* at ¶ 10.

{¶ 23} We agree with Jean-Baptiste that his case is distinguishable from *N.A.* Unlike the rehearing in *N.A.*, the juvenile-offender classification hearing in this case is not a hearing on the complaint. Jean-Baptiste's adjudicatory and

9

dispositional hearings took place in 2007. Because this case involves a classification hearing, rather than an adjudicatory hearing, *N.A.* is not controlling.

{¶ 24} We recognize that the court of appeals relied in part upon the following language from *N.A.*:

> [T]he delinquency proceeding is still important because if he is adjudicated a delinquent child based on the rape offenses, N.A. would still be subject to the juvenile-offender-registration provisions. See R.C. 2152.82(C) (if an order classifying a child as a juvenile-offender registrant is issued, "the child's attainment of eighteen or twenty-one years of age does not affect or terminate the order"); see also R.C. 2151.23(A)(15) (juvenile court has exclusive original jurisdiction to "conduct the hearings, and to make the determinations, adjudications, and orders authorized or required under sections 2152.82 to 2152.86 * * * of the Revised Code regarding a child who has been adjudicated a delinquent child").

*N.A.,* 125 Ohio St.3d 6, 2010-Ohio-1471, 925 N.E.2d 614, ¶ 13. This language, however, is also irrelevant to Jean-Baptiste's case. It is true that N.A. may have been subject to registration if the court adjudicated him delinquent; however, the court's ability to classify in that case arose from the clause of R.C. 2152.83(A)(1) granting the court jurisdiction to issue an order classifying the child as part of the dispositional order. This portion of the statute was applicable in *N.A.* because in that case, the juvenile court maintained continuing jurisdiction to adjudicate N.A.'s delinquency. In this case, Jean-Baptiste's delinquency proceeding was concluded when the juvenile court issued its 2007 order committing him to the custody of a secure facility. Because the juvenile court concluded the

delinquency proceeding, the portion of R.C. 2152.83(A)(1) at issue in *N.A.* is inapplicable here.

{¶ 25} The statute that controls the procedure for juvenile sex-offender classification is R.C. 2152.83. The dissent argues that the majority conflates Jean-Baptiste's first proposition of law with his second. But the dissent fails to recognize that Jean-Baptiste's first proposition of law includes the argument that a court lacks jurisdiction to classify a child once the disposition has been fully satisfied. In Jean-Baptiste's merit brief, he specifically argues that a juvenile court has no jurisdiction over a disposition that has been fully satisfied or over a person who is no longer a child relative to that disposition. This argument is included under his first proposition of law, which asserts that a juvenile court is without subject-matter jurisdiction and personal jurisdiction to conduct an initial juvenile sex-offender classification hearing for an adult.

{¶ 26} The dissent also argues that Jean-Baptiste waived any claim related to the timing requirement in R.C. 2152.83 by failing to raise it in his complaint in the court of appeals. We note that Jean-Baptiste did raise this issue in his complaint. The complaint asserts that Judge Kirsch "patently and unambiguously lacks jurisdiction to proceed," that if Judge Kirsch "had validly classified [Jean-Baptiste] before [Jean-Baptiste] attained twenty-one years of age, the court's order would remain valid beyond [Jean-Baptiste's] twenty-first birthday pursuant to R.C. 2152.83(E)," that "there is no existing order classifying [Jean-Baptiste] and there is no statute extending the jurisdiction of the court past [Jean-Baptiste's] twenty-first birthday," and that because "no statute authorizes a juvenile court to conduct a classification [hearing] after a person has turned twenty-one, any action by Judge Kirsch would be void *ab initio*."

{¶ 27} The statute relating to the juvenile court's jurisdiction to conduct a classification hearing for juvenile sex offenders is R.C. 2152.83(A)(1):

The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue *at the time of the child's release from the secure facility*, an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code * * *.

(Emphasis added.) We must thus look to R.C. 2152.83(A)(1) to determine the validity of the argument raised in Jean-Baptiste's complaint that "there is no statute extending the jurisdiction of the court past [Jean-Baptiste's] twenty-first birthday."

{¶ 28} Because Jean-Baptiste was adjudicated a delinquent child and was committed to a secure facility, the statute is clear that the court must issue the order classifying the child as a juvenile-offender registrant at the time the child is released from the secure facility—not afterward. The statute is logical, given that the juvenile-offender registrant may be subject to certain registration requirements upon his or her release into the community. Because Jean-Baptiste was released on the day that he turned 21 and because R.C. 2152.83 specifies that classification must occur when a child is released from a secure facility, the juvenile court patently and unambiguously lacks jurisdiction to classify Jean-Baptiste after his 21st birthday, when he was no longer a child.

{¶ 29} This conclusion is in accord with *In re Cross*, 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258. There we held, "A juvenile court does not have the jurisdiction to reimpose a suspended commitment to a Department of Youth Services facility after a juvenile has been released from probation." *Id.* at syllabus. In so holding, we noted a distinction between a juvenile court's extended jurisdiction over abused, neglected, or dependent children and a juvenile

court's more limited jurisdiction over delinquent children, stating, "The criminal aspects of juvenile delinquency proceedings require greater constraints on juvenile courts." *Id.* at ¶ 25. We also explained:

> While this court has held, in *In re Anderson* (2001), 92 Ohio St.3d 63, 748 N.E. 2d 67, syllabus, that a juvenile court proceeding generally is a civil action, this court also noted that "there are criminal aspects to juvenile court proceedings" and that "the United States Supreme Court has carefully imposed basic due process requirements on [the juvenile justice system]." Id. at 66 and 65, 748 N.E.2d 67.

*Id.* at ¶ 21. In keeping with these principles, we concluded that "[w]hen the court ended Cross's probation, it ended its ability to make further dispositions as to Cross on th[e] delinquency count." *Id.* at ¶ 28.

{¶ 30} The reasoning behind *Cross* also applies to Jean-Baptiste's case. Because this case arises out of a delinquency adjudication, Jean-Baptiste is entitled to basic due process protections. R.C. 2152.83(A)(1) plainly states that the court shall issue the classification order at the time of the child's release from a secure facility. This is a clear expression of the legislature's intent that juvenile courts lose their ability to hold classification hearings after that time.

{¶ 31} Contrary to the dissent's suggestion, this conclusion is not in conflict with either *State v. Bellman*, 86 Ohio St.3d 208, 714 N.E.2d 381 (1999), or *In re Davis*, 84 Ohio St.3d 520, 705 N.E.2d 1219 (1999). Both *Bellman* and *Davis* were decided before the enactment of R.C. 2152.83(A)(1) and therefore did not contemplate the specific statutory language at issue today. *Bellman*, moreover, concerned former R.C. 2950.09(B)(1), a statute that dealt with adult offenders rather than juveniles. Although *Davis* is a juvenile case, it specifically

dealt with the question whether the seven-day time frame within which a juvenile court must enter its disposition of a child adjudicated as abused, neglected, or dependent under R.C. 2151.35 also applied to motions for permanent custody filed by an agency under R.C. 2151.414 prior to the September 1996 amendment to that statute. As mentioned above, we noted in *Cross* that a juvenile court's jurisdiction in a delinquency case is more limited than in an abuse, neglect, or dependency case. *Davis* is accordingly inapplicable to this case.

{¶ 32} R.C. 2152.83(A)(1) requires that the court issue an order classifying the child as a juvenile-offender registrant at the time of the child's release from the custody of a secure facility. Because the juvenile court lacks statutory authority to classify Jean-Baptiste after he was released and the court's delinquency disposition has been fully satisfied, we agree with Jean-Baptiste's first proposition of law as applied to this case and hold that the juvenile court lacks jurisdiction to classify Jean-Baptiste, who is now no longer a "child" under the applicable statute.

### III. Conclusion

{¶ 33} In this case, the juvenile court patently and unambiguously lacks jurisdiction to proceed with classifying Jean-Baptiste. We therefore reverse the judgment of the court of appeals and grant the writ of prohibition.

Judgment reversed

and writ granted.

O'CONNOR, C.J., and PFEIFER and MCGEE BROWN, JJ., concur.

LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

{¶ 34} It is a fundamental tenet of jurisprudence in extraordinary-writ cases that the scope of review by this court and courts of appeals is less expansive than in cases that arise in the ordinary course of law. This is a sensible corollary

14

to the " 'cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more.' " *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 34, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Admin.,* 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and concurring in judgment).  Consequently, in cases seeking extraordinary relief in prohibition, courts should not address the merits of a jurisdictional claim, because their duty is limited to determining whether jurisdiction in the lower court is *patently and unambiguously* lacking.  *See State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 12 (court does not rule on merits of jurisdictional claim, "because our duty in prohibition cases is limited to determining whether jurisdiction is patently and unambiguously lacking"); *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 3 (court of appeals did not need to address the merits of jurisdictional claim, because its jurisdiction in writ case was limited to determining whether jurisdiction is patently and unambiguously lacking).

{¶ 35} Although the majority opinion in this case parrots the general standard applicable to Jean-Baptiste's claim for extraordinary relief in prohibition, it fails to apply it, and instead it erroneously conflates Jean-Baptiste's properly raised prohibition claim with a claim that he waived in the court of appeals and then decides the merits of the prohibition claim based largely on the waived jurisdictional claim.

{¶ 36} Jean-Baptiste raises two distinct claims in this appeal—his primary one challenging the jurisdiction of the juvenile court to conduct a classification hearing for a delinquent child over 21 years of age and his secondary claim contesting the juvenile court's alleged failure to hold a classification hearing within a reasonable time after he was released from a secure facility.  It is the

second of these two claims that relies on R.C. 2152.83(A)(1) and that is not properly before this court.

*Failure to Hold Classification Hearing Within Reasonable Time*

{¶ 37} In his second proposition of law, Jean-Baptiste claims that the court of appeals erred in denying the writ of prohibition because the juvenile court patently and unambiguously lost jurisdiction under R.C. 2152.83(A)(1) to classify him as a juvenile-offender registrant by failing to hold a classification hearing within a reasonable time after he was released from a DYS facility on July 17, 2008. It is this claim that the majority finds to be dispositive.

{¶ 38} R.C. 2152.83(A)(1)[3] provides that under circumstances such as those in the underlying delinquency case here, the juvenile court "shall issue at the time of the child's release from the secure facility an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code."

---

3. R.C. 2152.83(A)(1) provides:

> The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue at the time of the child's release from the secure facility an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:
>    (a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.
>    (b) The child was sixteen or seventeen years of age at the time of committing the offense.
>    (c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

{¶ 39} Jean-Baptiste failed to raise this claim in his complaint and did not seek leave to amend his complaint to raise the claim. The parties then submitted evidence based on the allegations of the complaint, and in his court-of-appeals merit brief, Judge Kirsch objected to Jean-Baptiste's raising the claim in his brief when he had failed to raise it in his complaint. Notwithstanding the majority's claim that no waiver occurred, the fact remains that his complaint did not cite R.C. 2152.83(A)(1), which the majority now finds to be dispositive, as a basis for the writ of prohibition. Under these circumstances, Jean-Baptiste waived this jurisdictional claim in his prohibition case. *See State ex rel. Miller v. Reed*, 87 Ohio St.3d 159, 160, 718 N.E.2d 428 (1999) (court declined to address merits of claim on appeal from dismissal of prohibition complaint when appellant did not raise the issue in his complaint or amend the complaint to include the claim, and appellees did not expressly or implicitly consent to litigation of it).

{¶ 40} Moreover, for the following reasons, even assuming that Jean-Baptiste's claim was not waived by his failure to properly raise it in the court of appeals, he did not establish that the juvenile court patently and unambiguously lacked jurisdiction to conduct his classification hearing within a reasonable time after he was released from custody.

{¶ 41} First, R.C. 2152.83(A)(1) does not specify that if a juvenile court fails to hold a hearing at the time specified in the statute, its jurisdiction to hold the hearing is terminated. " 'As a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure.' " *State ex rel. Ragozine v. Shaker*, 96 Ohio St.3d 201, 2002-Ohio-3992, 772 N.E.2d 1192, ¶ 13, quoting *State ex rel. Jones v. Farrar*, 146 Ohio St. 467, 66 N.E.2d 531 (1946), paragraph three of the syllabus; *see also State ex rel. Madsen v. Jones*, 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 8.

**{¶ 42}** Significantly, in *State v. Bellman*, 86 Ohio St.3d 208, 210, 714 N.E.2d 381 (1999), the court held that former R.C. 2950.09(B)(1), which provided that the judge "shall conduct the [sexual predator] hearing prior to sentencing," *id.* at 210, did not impose any jurisdictional restriction based on a judge's failure to comply with the timing requirement to hold the classification hearing. *See also In re Davis*, 84 Ohio St.3d 520, 522, 705 N.E.2d 1219 (1999) (time requirement for juvenile court to make disposition order is directory and not jurisdictional). Similarly, R.C. 2152.83(A)(1) includes no expression of legislative intent to restrict the jurisdiction of the juvenile court to hold a juvenile-offender classification hearing for failure to hold a classification hearing at the time of the child's release from a secure facility.

**{¶ 43}** Second, Jean-Baptiste cites two appellate decisions in support of his claim, but these cases were resolved in the ordinary course of law by appeal rather than in an extraordinary-writ action. *See In re McAllister*, 5th Dist. No. 2006CA00073, 2006-Ohio-5554 (juvenile court lacked jurisdiction to classify person as a juvenile sex offender 13 months after his release from a secure facility); *In re B.W.*, 2d Dist. No. 1702, 2007-Ohio-2096, ¶ 13-14 (although classification hearing was not held until more than two months after the juvenile's release from a secure facility, it was held within a reasonable time after release "given docket constraints and appropriate time for evaluations appurtenant to classification"); *see also State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶ 21 (affirming sua sponte dismissal of complaint for a writ of prohibition because the appellant's argument was one normally raised in ordinary course of law rather than in an action for extraordinary relief and so did not establish a patent and unambiguous lack of jurisdiction).

**{¶ 44}** Third, Jean-Baptiste was not released from a secure facility in July 2008; instead, he was released from DYS to the custody of the United States

18

Department of Homeland Security pursuant to an immigration detainer and was placed in another secure facility—the Seneca County Jail. Jean-Baptiste was not released from this federal custody until January 26, 2010, and Judge Kirsch then promptly scheduled his classification hearing for February 8, 2010.

{¶ 45} Fourth, I note that that the Tenth District Court of Appeals, in an appeal in the ordinary course of law, resolved the substantive issue concerning R.C. 2152.83(A) in favor of the juvenile court's exercise of jurisdiction. We allowed an appeal from the court of appeals' judgment in that case, and oral argument is scheduled for January 13, 2013. *See In re J.B.*, 10th Dist. No. 11AP-243, 2011-Ohio-6134, *appeal allowed,* 131 Ohio St.3d 1483, 2012-Ohio-1143, 963 N.E.2d 824. We should not decide an issue in the context of an appeal in an extraordinary-writ case in which the issue was not properly raised; this is especially true when the same substantive issue is before the court in a pending discretionary appeal in the ordinary course of law.

{¶ 46} Finally, the majority's emphatic reliance on *In re Cross*, 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258, is misplaced for three separate reasons. First, that case was decided in the ordinary course of law and not in the context of an action for extraordinary relief. Second, Jean-Baptiste cites *Cross* in support of his first proposition, but not in support of his waived second proposition regarding R.C. 2152.83(A)(1), for which the majority cites it. Third, as the Tenth District Court of Appeals persuasively reasoned in *J.B.*, our holding in *Cross*, which is limited to a juvenile court's jurisdiction to reimpose a suspended commitment to a DYS facility after a juvenile has been released from probation, does not govern a juvenile court's jurisdiction in a sex-offender juvenile-delinquency case:

> The juvenile court's jurisdiction in a sex-offender adjudication is different from its jurisdiction with respect to other

adjudications. While a juvenile court ordinarily "relinquishes control" over a child committed to DYS, the court does not relinquish control over a child adjudicated delinquent for committing a sexually-oriented offense. R.C. 2152.22(A). And, while a child may only be held at DYS until the age of 21, R.C. 2152.83(E) provides that an order issued under R.C. 2152.83(A) "and any determinations included in the order shall remain in effect for the period of time specified in" R.C. Chapter 2950. Compare R.C. 2152.16 (provisions precluding juvenile court from committing a child to DYS for a period exceeding age 21). The child's attainment of age 18 or 21 "does not affect or terminate the order, and the order remains in effect for the period of time described in this division." R.C. 2152.83(E).

*J.B.* at ¶ 45.

{¶ 47} Therefore, Jean-Baptiste's second proposition, which is based on R.C. 2152.83(A)(1) and which the majority holds to be dispositive of this case, does not warrant reversal of the court of appeals judgment denying the writ of prohibition.

*Jurisdiction to Conduct Classification Hearing for Delinquent*

*Child over 21 Years Old*

{¶ 48} In his first proposition, Jean-Baptiste asserts that he established that the juvenile court patently and unambiguously lacked jurisdiction to conduct the February 8, 2010 classification hearing because he had turned 21 on January 18, 2010.

{¶ 49} Jean-Baptiste's assertion lacks merit. As the majority concedes, Judge Kirsch and the juvenile court have basic statutory jurisdiction over the delinquency case under R.C. 2151.23(A)(1) and 2151.011(B)(6), and they have

exclusive original jurisdiction to conduct the juvenile-offender classification hearing at issue here.

{¶ 50} Under R.C. 2152.02(C)(2), subject to a provision that is inapplicable here, "any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a 'child' irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held." *See also* Juv.R. 2(D) (" 'Child' has the same meaning as in sections 2151.011 and 2152.02 of the Revised Code"). Jean-Baptiste committed the rape before he was 18 years old, and as the court of appeals concluded, the "language of R.C. 2152.02(C)(2) does not limit the juvenile court's jurisdiction to only the 'hearing on the complaint,' i.e., the adjudication and disposition." *State ex rel. Jean-Baptiste v. Kirsch*, 4th Dist. No. 10CA3338, 2011-Ohio-3368, ¶ 12. In fact, it is arguable that the classification hearing constitutes a hearing on the complaint for purposes of the statute because it is a hearing that is required after the adjudication and disposition for certain sex-oriented or child-victim-oriented offenses.

{¶ 51} Therefore, the juvenile court does not patently and unambiguously lack jurisdiction to conduct the required hearing to classify Jean-Baptiste as a juvenile-offender registrant.

{¶ 52} This holding is supported by precedent. In *State ex rel. N.A. v. Cross*, 125 Ohio St.3d 6, 2010-Ohio-1471, 925 N.E.2d 614, we affirmed a judgment dismissing a complaint for a writ of prohibition to prevent a juvenile court judge from proceeding with an adjudicatory hearing in a delinquency case after the alleged delinquent child had turned 21 years old. We held that the juvenile court did not patently and unambiguously lack jurisdiction to proceed. In so holding, we emphasized that "even though N.A. is now over 21 years old, the delinquency proceeding is still important because if he is adjudicated a delinquent child based on the rape offenses, N.A. would still be subject to the juvenile-

offender-registration provisions." *Id.* at ¶ 13, citing R.C. 2151.23(A)(15) and 2152.82(C). Similarly, Jean-Baptiste, who has been adjudicated a delinquent child based on his rape of a ten-year-old boy, is subject to the juvenile-offender-registration provisions of R.C. Chapter 2950. And he should be. The public has a right to be notified of his prior offense.

{¶ 53} Although *N.A.* is distinguishable in certain particulars, it provides support for the juvenile court's exercise of continuing jurisdiction here. The appellate cases that have relied on *N.A.* have applied our holding in that case to rule that juvenile courts have jurisdiction to conduct classification proceedings after the juvenile reached 21 years of age. *State ex rel. Jean-Baptiste v. Kirsch*, 2011-Ohio-3368; *In re B.D.*, 5th Dist. No. 11-CA-27, 2012-Ohio-2223, 970 N.E.2d 1178 (court affirmed juvenile court's decision to conduct sex-offender classification hearing after juvenile reached 21 years of age). These courts did not act unreasonably in so holding.

{¶ 54} Finally, this case has been held for several months for a decision in *J.V.* Our recent holding in *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, however, does not require a different conclusion than that reached by the court of appeals. In *J.V.*, we held that a juvenile court lacked jurisdiction to correct its original disposition to impose postrelease control after a delinquent child turned 21 years old. In that case, we interpreted R.C. 2152.02(C)(6), which provides:

> *The juvenile court has jurisdiction over a person who is adjudicated a delinquent child* or juvenile traffic offender *prior to attaining eighteen years of age until the person attains twenty-one years of age*, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child or juvenile traffic

offender shall be deemed a "child" until the person attains twenty-
one years of age.

(Emphasis added.)

{¶ 55} R.C. 2152.02(C)(6), which is not relied on by the parties in this appeal, does not apply here, because Jean-Baptiste was not adjudicated a delinquent child before he was 18 years old. *See N.A.*, 125 Ohio St.3d 6, 2010-Ohio-1471, 925 N.E.2d 614, at ¶ 11 ("R.C. 2152.02(C)(6), however, is inapplicable because N.A. was not adjudicated a delinquent child before he was 18 years old"). Consequently, our holding in *J.V.* does not address Jean-Baptiste's claim.

{¶ 56} Therefore, Jean-Baptiste's first proposition also lacks merit.

### Conclusion

{¶ 57} Based on the foregoing, the court of appeals did not err in denying Jean-Baptiste's claim for extraordinary relief in prohibition. Jean-Baptiste failed to establish that Judge Kirsch and the juvenile court *patently and unambiguously* lack jurisdiction to conduct a hearing to classify Jean-Baptiste as a juvenile-offender registrant in accordance with R.C. 2152.83(A)(1) and the pertinent provisions of R.C. Chapter 2950. Jean-Baptiste thus had an adequate remedy in the ordinary course of law to raise his jurisdictional claims, and the court should affirm the well-reasoned decision of the court of appeals. Because the majority, in reversing the judgment of the court of appeals, instead conflates Jean-Baptiste's arguments on appeal, credits a jurisdictional claim that Jean-Baptiste waived by not properly presenting it in the court of appeals, and ignores our well-established axioms restricting the scope of our review in extraordinary-writ cases and extolling judicial restraint, I respectfully dissent.

LUNDBERG STRATTON and CUPP, JJ., concur in the foregoing opinion.

_____

Timothy Young, Ohio Public Defender, and Amanda J. Powell, Assistant Public Defender, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Danielle M. Parker, Assistant Prosecuting Attorney, for appellee.

_____