[Cite as *State ex rel. Brooks v. Miller*, 2015-Ohio-3755.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE EX REL. KEITH BROOKS, | ) | CASE NO. 15 BE 39 |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| MICHELLE MILLER, WARDEN, | ) | |
| BELMONT CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:        Petition for Writ of Habeas Corpus.

JUDGMENT:                                         Denied.

APPEARANCES:
For Petitioner:                                      Keith Brooks, *pro se*
                                                              #A664-138
                                                              Belmont Correctional Institution
                                                              P.O. Box 540
                                                              St. Clairsville, Ohio  43950

For Respondent:                                 Atty. Michael DeWine
                                                              Attorney General of Ohio
                                                              Atty. Jerri L. Fosnaught
                                                              Asst. Atty General of Ohio
                                                              Criminal Justice Section
                                                              150 East Gay Street, 16th Floor
                                                              Columbus, Ohio 43215

JUDGES:
Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                                              Dated:  September 11, 2015

[Cite as *State ex rel. Brooks v. Miller*, 2015-Ohio-3755.]
PER CURIAM.

{¶1} Petitioner Keith Brooks ("Petitioner") filed a petition for a writ of habeas corpus on June 22, 2015, seeking his immediate release from Belmont Correctional Institution in Belmont County, Ohio. In response to the petition, Respondent Michelle Miller has filed a motion to dismiss. 7/22/15 Motion to Dismiss.

{¶2} Petitioner was indicted in August 2014 by the Mahoning County Grand Jury for deception to obtain dangerous drugs, a violation of R.C. 2925.22(A)(B)(2)(b), a third-degree felony and illegally processing drug documents in violation of R.C. 2925.23(B)(1)(F)(1), a fourth-degree felony. In October 2014, Petitioner pled guilty to those indicted offenses. As part of the plea agreement, the state recommended a 9 month aggregate sentence. It suggested that Petitioner receive 9 months for each offense and those sentences run concurrent.

{¶3} The Mahoning County Common Pleas Court did not follow the recommendation. Instead, it sentenced Petitioner to 24 months for deception to obtain dangerous drugs and 12 months for illegally processing drug documents. It ordered the sentences to run concurrently. Thus, Petitioner received an aggregate sentence of 24 months.

{¶4} Petitioner did not appeal his conviction or sentence.

{¶5} In his habeas corpus petition, Petitioner claims the Mahoning County Common Pleas Court lacked subject matter jurisdiction over his case. There are two specific decipherable arguments in his petition. First, he contends the effective date of the statutes under which he was convicted occurred after the alleged wrongful acts. Second, he asserts the common pleas court does not have jurisdiction over felonies, only misdemeanors. He cites this court to R.C. 2931.02 and the Ohio Constitution.

{¶6} The general law of habeas corpus is that a petitioner is only entitled to relief if he can show he has no adequate remedy at law. *Agee v. Russell,* 92 Ohio St.3d 540, 544, 751 N.E.2d 1043 (2001). The arguments Petitioner are asserting could have been raised in a direct appeal giving him an adequate remedy-at-law. Therefore, he is not entitled to habeas corpus relief.

{¶7}   There is a narrow exception to the adequate-remedy-at-law element considered for habeas corpus relief: the situation in which the trial court patently and unambiguously lacked jurisdiction.  *Smith v. Bradshaw,* 109 Ohio St.3d 50, 2006–Ohio–1829, 845 N.E.2d 516, ¶ 10; *State ex rel. Steele v. Robinson,* 4th Dist. No. 12CA3359, 2013–Ohio–3541.  When the court lacks jurisdiction, the Petitioner may raise the claim by a petition for habeas corpus, even if the error could have been raised on appeal.

{¶8}   Petitioner's argument that the Mahoning County Common Pleas Court patently and unambiguously lacked jurisdiction fails.

{¶9}   As to the effective date of statute argument, as stated above, Petitioner was indicted and pled guilty to violations of R.C. 2925.22 and R.C. 2925.23.  The violations of these statutes occurred on or about July 28, 2014.  Both statutes were first enacted in 1975.  The most recent amendment to R.C. 2925.22 became effective on September 20, 2008.  The most recent amendment to R.C. 2925.23 became effective on May 17, 2006.  Both statutes were in effect at the time the alleged violations occurred.

{¶10}  As to the jurisdictional argument, R.C. 2931.03 states, "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."  The Ohio Supreme Court has explained, "The Court of Common Pleas is, by Section 2931.03, Revised Code, given original jurisdiction in felony cases. The felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county."  *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962).  See also, *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2 (felony case asking for conviction and sentence to be vacated, Ohio Supreme Court stated pursuant to R.C. 2931.03 common pleas court has jurisdiction over criminal proceedings); *Jimison v. Wilson*, 106 Ohio St.3d 342, 2005-Ohio-5143, 835 N.E.2d 34, ¶ 11 (citing the Ohio Constitution, Article IV, Section 4 for the position that the common pleas courts have general subject-matter

jurisdiction over crimes and offenses committed by adults). For those reasons, Petitioner's second argument fails.

**{¶11}** Respondent's motion to dismiss is granted.

**{¶12}** Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

_____
JUDGE CAROL ANN ROBB

_____
JUDGE GENE DONOFRIO

_____
JUDGE MARY DeGENARO