[Cite as *Green v. Miller*, 2015-Ohio-3952.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel. CHARLES T. GREEN, | ) ) ) | |
| PETITIONER, | ) ) | CASE NO. 15 BE 27 |
| V. | ) ) | |
| | ) | OPINION |
| MICHELE MILLER, WARDEN, | ) | AND |
| BELMONT CORRECTIONAL INSTITUTION, | ) ) | JUDGMENT ENTRY |
| | ) ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:  Petition for Writ of Habeas Corpus

JUDGMENT:  Dismissed

APPEARANCES:
For Petitioner

Charles T. Green, Pro-se
Belmont Correctional Institution
A633471
P.O. Box 540
St. Clairsville, Ohio 43950-0540

For Respondent

Stephanie L. Watson
Principal Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215-6001

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: September 25, 2015

PER CURIAM.

**{¶1}** Petitioner Charles T. Green has filed a petition for writ of habeas corpus seeking his immediate release from Belmont Correctional Institution in Belmont County, Ohio. Attached to the petition is a copy of the Ashtabula County Common Pleas Court sentencing order in case number 2011 CR 00371. Petitioner argues that the trial court, as a common pleas court, lacked jurisdiction because it does not have jurisdiction over felonies.

**{¶2}** In response to the petition, Respondent Michelle Miller has filed a motion to dismiss. Respondent sets forth two arguments in support of the motion to dismiss. First, she asserts that the trial court had jurisdiction over Petitioner's criminal felony case. Second, Respondent claims that the petition is procedurally deficient because Petitioner failed to attach all of his commitment papers. She asserts that although Petitioner attached his commitment papers for case number 2011 CR 00371, he failed to attach the commitment papers for case number 2011 CR 00436.

**{¶3}** Petitioner filed a response to the motion to dismiss, restating his prior arguments. Attached to this filing is the commitment paper for case number 2011 CR 00436.

**{¶4}** In case number 2011 CR 00436, Petitioner was convicted in Ashtabula County Common Pleas Court of two counts of gross sexual imposition, third-degree felonies. In case number 2011 CR 00371, Petitioner was convicted of pandering sex, a fourth-degree felony, and attempted illegal use of a minor, a third-degree felony. Petitioner did not appeal either of those convictions.

**{¶5}** The general law of habeas corpus is that a petitioner is only entitled to relief if he can show he has no adequate remedy at law. *Agee v. Russell,* 92 Ohio St.3d 540, 544, 751 N.E.2d 1043 (2001). Clearly, the argument Petitioner is asserting could have been raised in a direct appeal. This would mean that he is not entitled to habeas relief.

**{¶6}** That said, there is a narrow exception to the adequate-remedy-at-law element required for habeas relief: the situation in which the trial court patently and

unambiguously lacked jurisdiction. *Smith v. Bradshaw,* 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶ 10; *State ex rel. Steele v. Robinson,* 4th Dist. No. 12CA3359, 2013-Ohio-3541. Thus, even if Petitioner could have raised the errors on appeal, he may nevertheless raise the claims by a petition for habeas corpus.

{¶7} Petitioner's arguments that the Ashtabula County Common Pleas Court patently and unambiguously lacked jurisdiction fail because the common pleas court does have jurisdiction over felonies. R.C. 2931.03 states, "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." The Ohio Supreme Court has explained, "The Court of Common Pleas is, by Section 2931.03, Revised Code, given original jurisdiction in felony cases. The felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county." *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962); *see also State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2 (felony case asking for conviction and sentence to be vacated, Ohio Supreme Court stated pursuant to R.C. 2931.03 common pleas court has jurisdiction over criminal proceedings); *Jimison v. Wilson*, 106 Ohio St.3d 342, 2005-Ohio-5143, 835 N.E.2d 34, ¶ 11 (citing the Ohio Constitution, Article IV, Section 4 for the position that the common pleas courts have general subject-matter jurisdiction over crimes and offenses committed by adults).

{¶8} Consequently, Respondent's motion to dismiss is hereby granted. It is the judgment and order of this court that petitioner's habeas corpus petition is hereby dismissed in its entirety.

{¶9} Costs taxed against Petitioner. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.


Donofrio, P.J. concurs.

Waite, J. concurs.

Robb, J. concurs.